Jordan Susman, Esq. (SBN 246116)
jsusman@nolanheimann.com
Margo Arnold, Esq. (SBN 278288)
marnold@nolanheimann.com
NOLAN HEIMANN LLP
16000 Ventura Boulevard, Suite 1200
Encino, California 91436
Telephone: (818) 574-5710
Facsimile: (818) 574-5689

Attorneys for Defendants
Smosh Dot Com, Inc. d/b/a Smosh,
and Mythical Entertainment, LLC

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

KRISTEN HALL**,** *on behalf of herself
and all others similarly situated*

              Plaintiff,

    vs.

SMOSH DOT COM, INC. d/b/a SMOSH,
and MYTHICAL ENTERTAINMENT,
LLC,

              Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 2:21-cv-01997-JAM-AC

**DEFENDANTS' MOTION FOR
SANCTIONS PURSUANT TO
FEDERAL RULE OF CIVIL
PROCEDURE 11**

Date: April 19, 2022
Time: 1:30 p.m.
Courtroom: 6

-1-

1    TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

2    PLEASE TAKE NOTICE that on April 19, 2022, at 1:30 p.m., or as soon

3    thereafter as may be heard by the above-entitled court, located in Courtroom 6 at

4    Robert T. Matsui United States Courthouse, 501 I Street, Sacramento, California

5    95814, defendants Smosh Dot Com, Inc. and Mythical Entertainment, Inc.

6    (collectively, "Defendants") will and hereby do move, pursuant to Rule 11 of the

7    Federal Rules of Civil Procedure, for sanctions against Plaintiff Kristen Hall and

8    Joseph D. Stewart, III, Craig T. Kimmel, and Jacob U. Ginsburg of Kimmel &

9    Silverman, P.C. (collectively "Plaintiff's Counsel").

10    This motion is made following the 21-day notice period required by Rule

11    11(c)(2).

12    This motion is based on the following grounds that Plaintiffs' Counsel filed an

13    objectively frivolous complaint in this case that omits critical exonerating evidence

14    and manipulates other facts. Any investigation into the facts underlying this lawsuit

15    or review of the governing laws on which the complaint is premised would reveal

16    the case was wholly without basis.

17    PLEASE TAKE FURTHER NOTICE THAT, pursuant to Local Rule and

18    230(c), any opposition to this Motion shall be in writing and filed and served not

19    less than fourteen (14) days preceding the noticed hearing date. No party will be

20    entitled to be heard in opposition to a motion at oral arguments if opposition to the

21    motion has not been timely filed by that party. See L.R. 135. A failure to file a

22    timely opposition may also be construed by the Court as a non-opposition to the

23    Motion.

24    This motion for sanctions is based on this Notice of Motion and accompanying

25    Memorandum of Points and Authorities, the concurrently filed Declaration of Jordan

26    Susman, the concurrently filed Proposed Order, and all evidence filed in support

27    thereof, all other briefing in this case; and such additional submissions and argument,

28

-1-

1    including any reply briefing, as may be presented at or before the hearing on this

2    motion.

3    Dated: January 31, 2022                           NOLAN HEIMANN LLP

4                                                       By:

5                                                       Jordan Susman

6                                                       Attorneys for Defendants
                                                         Smosh Dot Com, Inc. d/b/a Smosh,
7                                                        and Mythical Entertainment, LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                              -2-

27    _____

28

## **MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    **INTRODUCTION**

Rule 11 sanctions are appropriate against Plaintiff Kristin Hall ("Plaintiff") and her counsel Kimmel & Silverman, P.C. ("Plaintiff's Counsel") because this case—accusing Defendants Smosh Dot Com, Inc. D/B/A Smosh, and Mythical Entertainment, LLC (collectively, "Defendants") of violating the Telephone Consumer Privacy Act ("TCPA") and Texas Business and Commerce Code section 302.101 et seq. ("TBCC § 302.101")—should never have been filed.

As a result of Plaintiff's son *opting in* to receive messages from Defendants, between December 25, 2019 and June 29, 2020, a cell-phone number ending in 0669 (the "Number") purportedly received five text messages announcing sales or new merchandise at the website https://smosh.com. (First Amended Complaint ("FAC"), ¶ 34). Rather than respond to the messages with "STOP," which would have removed the Number from the Defendants' text message list, Plaintiff instead hired a law firm that brags it can turn unwanted communications into "significant monetary compensation"[1] and sought to turn the five text messages that were *solicited by her son* into a five-figure settlement.

On August 6, 2021, more than one year after Plaintiff purportedly received the last text message, Plaintiff's Counsel sent Defendants a demand letter, claiming that Defendants had violated the TCPA and demanding payment by Defendants.  Susman Decl. ¶ 2 Ex. A.

On September 1, 2021, Defendants responded to Plaintiff's Counsel's demand letter. *Id*. ¶ 3 Ex. B, p. 6. Defendants informed Plaintiff's Counsel that Defendants

---

[1] Susman Decl. ¶ 6 Ex. E (screenshot of Plaintiff's Counsel's website: http://www.creditlaw.com/tcpa).

-3-

only send text messages to consumers who expressly "opt-in" to receive such advertising and stated Defendants willingness to block any future communications. *Id.*

On September 2, 2021, Plaintiff's Counsel responded to Defendants and acknowledged that "consent is a defense" to TCPA claims. *Id.* ¶ 3 Ex. B, p. 5.

On September 9, 2021, Defendants informed Plaintiff's Counsel that Defendants have no record of Plaintiff in their records. *Id.* ¶ 3 Ex. B, p. 4.

Only then, did Plaintiff's Counsel finally provide Defendants with the Number. *Id.* ¶ 3 Ex. B, p. 3.

Upon receiving the Number, on September 9, 2021, Defendants immediately informed Plaintiff's Counsel that E*** Howsley had signed up to receive text messages on November 3, 2019, and produced written evidence of same. Susman Decl. *Id.*

Upon receipt of this information, Plaintiff's Counsel was forced to admit that E*** Howsley was, in fact, Plaintiff's son and the primary user of the Number. *Id.* ¶ 3 Ex. B, p. 2.  Plaintiff's Counsel tried to strong-arm Defendants into paying a settlement, this time by stating—without any authority—that a minor cannot give TCPA consent. *Id.*

On September 28, 2021, Defendants sent Plaintiff's Counsel a letter that included legal authority that Plaintiff's son's consent eviscerates any TCPA claim and demonstrating that Texas law expressly allows minors to enter into certain agreements. Susman Decl. ¶ 4 Ex. C.

> First, the TCPA requires a "person's" prior express consent. See 47 U.S.C. § 227(b)(1) et seq. It does not require an "adult's" permission, nor does it put any limitation on how old the "person" must be. Indeed, 47

-4-

> U.S.C. § 153 (39) definition of a "'person' includes an individual, partnership, association, joint-stock company, trust, or corporation." The definition is not limited to those over the age of majority.
>
> Second, under Texas a law, a minor may enter into a contract and the contract will remain valid unless and until the minor elects to void the contract. *Dairyland Cty. Mut. Ins. Co. of Texas v. Roman*, 498 S.W.2d 154, 158 (Tex. Sup. Ct. 1973).

Notwithstanding Defendants' indisputable evidence that Plaintiff's son had opted-in to receive promotional text message communications, and notwithstanding Plaintiff's Counsel's admission that "consent is a defense," and notwithstanding Defendants citing controlling case law that Defendants' conduct did not violate the TCPA, Plaintiff filed the instant lawsuit.

In her original complaint, Plaintiff omitted certain critical facts and manipulated other facts to make it appear that Plaintiff's son was not the user of the Number and did not sign up to receive text messages, when, in fact, he did.

Plaintiff failed to serve that complaint. Instead, more than two months later, Plaintiff filed and served the FAC, which included the same manipulated facts. The table below demonstrates some of Plaintiff's manipulations:

| Facts | Allegation in Complaint |
|---|---|
| Plaintiff gave the cell phone and Number to her son so that he could stay in contact with her and his father. Susman Decl. ¶ 3 Ex. B, p. 2. | "Ms. Hall would at times, allow her minor son to use that phone." FAC ¶ 26. |

| | |
|---|---|
| Plaintiff's teenage son signed up for a Smosh account and opted-in to receiving text messages. Susman Decl. ¶ 3 Ex. B, p. 3. | "on or around November 3, 2019, Defendants obtained the personal data of Plaintiff's minor son, who was 13 years old at the time." FAC, ¶ 31 |
| Defendants only send text messages to people that opt-in to receiving text messages and do not use a random number generator. Susman Decl. ¶ 3 Ex. B, p. 6. | "The text messages were generic, pre-scripted and clearly sent out as part of an automated text message 'blast.'" FAC ¶ 36. |
| Plaintiff's teenage son signed up for a Smosh account and opted-in to receiving text messages. Susman Decl. ¶ 3 Ex. B, p. 3. | "As the subscriber and owner of that cell phone, Plaintiff found those solicitation messages to be irritating, exploitative and invasive." FAC ¶ 37 |

Further, Plaintiff's claim for violation of TBCC § 302.101 fails as a matter of law because it does not apply to sellers who, for at least two years, have operated a retail establishment where consumer goods are displayed and offered for sale continuously, and the majority of the seller's business involves buyers obtaining services or products at the retail establishment. *See* Tex. Bus. & Comm. Code § 302.059. Plaintiff's Counsel knew or should have known that Defendants have operated an online retail establishment since at least January 1, 2016, where its merchandise is displayed and its retail transactions are performed. Susman Decl. ¶ 5 Ex. D.

In sum, the FAC is legally and factually baseless, and if Plaintiff's Counsel conducted a reasonable and competent inquiry, it would have known as much. While

Rule 11 sanctions should rarely be invoked, they are fully appropriate and warranted in cases like this one—where Plaintiff's Counsel should have known after a reasonable and competent pre-lawsuit investigation that they did not have valid claims, but nonetheless filed a lawsuit.

## II. LEGAL STANDARD

Rule 11 is "aimed at curbing abuses of the judicial system." *Bus. Guides, Inc. v. Chromatic Commnc's Enters.*, 498 U.S. 533, 542 (1991). It imposes a "duty" on attorneys to conduct "prefiling inquiry into both the facts and law." Fed. R. Civ. Proc. 11(b)(2) & Comment to 1983 Amendment. Rule 11 mandates sanctions where an attorney "files a pleading or other paper which no competent attorney could believe was well grounded in fact and warranted by law; and where a litigant files a pleading or other paper for an 'improper purpose,' such as personal or economic harassment." *Greenberg v. Sala*, 822 F.2d 882, 885 (9th Cir. 1987) (internal citations omitted).

Where, as here, the complaint is the primary focus of Rule 11 proceedings, "a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually 'baseless' from an objective perspective, and (2) if the attorney has conducted 'a reasonable and competent inquiry' before signing and filing it." *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997).

## III. ARGUMENT

### A. The FAC Is Legally And Factually Baseless

The FAC is legally and factually baseless because the facts do not satisfy essential elements of the pleaded claims.

**First**, Plaintiff does not have standing to sue because she was not the user of the Number and thus was not injured by Defendants' alleged conduct. *See Van*

-7-

*Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017) ("Unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients."). While Plaintiff claims in the FAC that she is the "owner" of the Number and as the "owner" she allegedly found the text messages "irritating, exploitative and invasive," **she fails to plead that she ever used the Number or was the one to actually receive the messages**. (FAC ¶ 37). In fact, Plaintiff's son was the "user" of the Number. (FAC, ¶ 26) ("Ms. Hall would at times, allow her minor son to use that phone."); Susman Decl. ¶ 3 Ex. B, p. 2 (Plaintiff gave her son the cell phone at issue).

Plaintiff's desperate efforts to downplay Plaintiff's son's use of the Number are contradicted by Plaintiff's Counsel's earlier admission that Plaintiff gave her son the Number for the purpose of maintaining contact with her and her son's father. *Id*. Consequently, Plaintiff's claim fails as a matter of law, as she is not a proper plaintiff to this action.

**Second**, a TCPA claim requires that the defendant used an autodialer to randomly generate numbers. *See Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1164 (2021) ("[T]he TCPA's autodialer definition excludes equipment that does not use a random or sequential number generator."); *Hulsey v. Peddle, LLC*, No. CV 17-3843 DSF (ASX), 2017 WL 8180583, at *2 (C.D. Cal. Oct. 23, 2017) ("Peddle's texts were sent after Hulsey provided her phone number on the Junk Car Zone website, which suggests 'direct targeting that is inconsistent with the sort of random or sequential number generation required for an [automatic telephone dialing system].'"); *Franco v. Alorica Inc*, No. 220CV05035DOCKESX, 2021 WL 3812872, at *3 (C.D. Cal. July 27, 2021) ("the SAC fails to allege Defendant randomly or sequentially generated her phone number").

1      Here, **the Number was not randomly generated, but was given to**

2    **Defendants by Plaintiff's son**. And although the FAC alleges that Defendants used

3    an automatic telephone dialer (FAC ¶ 66), that allegation is contradicted by

4    Plaintiff's admission elsewhere in the FAC that Defendants obtained the Number

5    from Plaintiff's son on November 3, 2019 and did not send him any messages until

6    December 25, 2019. (FAC, ¶ 31, 34).  Further, Plaintiff admits that Defendants

7    obtained the Number from someone who opted in to receive messages.  FAC ¶ 41.

8      As such, Plaintiff's claim fails as a matter of law.

9      **Third**, Defendants received consent from the user of the number to send the

10    text messages. The TCPA only prohibits unwanted communications. *Van Patten*,

11    847 F.3d at 1047 ("the TCPA is a remedial statute intended to protect consumers

12    from unwanted automated telephone calls and messages"). Text messages sent to a

13    consenting consumer cannot give rise to TCPA claims. 47 U.S.C. §

14    227(b)(1)(A)(iii).

15      As discussed above, the FAC admits that Defendants obtained the Number

16    from someone who opted in to receive messages.  FAC ¶ 41. This fact is further

17    evidenced by pre-litigation communications between Plaintiff's and Defendants'

18    counsel, portions of which Plaintiff attached as Exhibit B to the FAC, Plaintiff's son

19    signed up online to receive promotional text messages on November 3, 2019. *See*

20    *also* Susman Decl. ¶ 3 Ex. B, p.3.

21      Despite being under the age of majority, Plaintiff's teenage son was capable

22    of consenting to receive text messages from Defendants. The law in Texas, where

23    Plaintiff and her son reside, is clear: minors may enter into contracts without

24    parental consent and such contracts can be invalidated based on the minor's age at

25    the minor's election. *Mr. W Fireworks, Inc.* v. Ozuna, No. 04-08-00820-CV, 2009

26    

27    

28    

-9-

WL 3464856, at *6 (Tex. App. Oct. 28, 2009) ("**when a minor enters into a contract, that contract is not void**, but is voidable at the election of the minor"); *Dairyland Cty. Mut. Ins. Co. of Texas v. Roman*, 498 S.W.2d 154, 158 (Tex. 1973) ("While the contract of a minor is not void, it is voidable at the election of the minor. This means that the minor may set aside the entire contract at his option, but he is not entitled to enforce portions that are favorable to him and at the same time disaffirm other provisions that he finds burdensome."); *In re B.W.,* 313 S.W.3d 818, 823 (Tex. 2010) ("[A] minor's contracts are voidable at the minor's election, even if the minor knew what he or she was doing and innocent people are prejudiced.").

Here, Plaintiff's son consented to receive message from Defendants and never sought to rescind his consent. Therefore, every text message sent to the Number was sent with express written consent, and Plaintiff's claim fails as a matter of law

**Fourth**, Plaintiff's second TCPA claim fails because 47 U.S.C. § 227(c)(5) only applies to residential telephones. *Barton v. Temescal Wellness, LLC*, 525 F. Supp. 3d 195, 201 (D. Mass.) ("Under the TCPA, only residential phone subscribers are entitled to Do Not Call protections.").

Here, the FAC alleges that the Number was a cell phone number (FAC ¶¶ 25, 27) and therefore cannot be the basis for a claim under 47 U.S.C. § 227(c)(5) claim. In an effort to obtain Do Not Call protections, however, Plaintiff alleges that the cell phone at issue was "primarily used for residential purposes" (FAC ¶ 27). This allegation is contradicted by Plaintiff's earlier admission that she gave her son the cell phone for the purpose of maintaining contact with her and her son's father. Susman Decl. ¶ 3 Ex. B, p.2 ("She gave him a cell phone for E*** to stay in contact with her and his father only."). Because the Number was a cell phone used by Plaintiff's son primarily to stay in contact with the son's parents, it is not a

-10-

residential line, and Plaintiff's Do Not Call claim fails as a matter of law.

**Fifth**, the FAC fails as a matter of law to allege a viable claim under TBCC § 302.101 because said code does not apply to sellers who, for at least two years, have operated a retail establishment where consumer goods are displayed and offered for sale continuously, and the majority of the seller's business involves buyers obtaining services or products at the retail establishment. *See* Tex. Bus. & Comm. Code § 302.059.

Here, it is indisputable that Defendants have operated an online retail establishment since at least January 1, 2016—more than two years before the first text message was purportedly sent to Plaintiff.  Susman Decl. ¶ 5 Ex. D.  In fact, the text messages sent to Plaintiff's son contained links to Defendants' online retail establishment because purchases could only be made through the website. (FAC, Ex. A.).

For all of the foregoing reasons, the FAC is legally and factually baseless from an objective perspective.

**B.    Plaintiff and Her Attorney Filed the FAC Despite Knowing It Omitted And Misstated Facts That Would Exonerate Defendants**

In an attempt to squeeze a five-figure settlement from Defendants, Plaintiff and her counsel contacted Defendants prior to filing this lawsuit to notify them that they were violating the TCPA. Susman Decl. ¶ 2 Ex. A. Instead of succumbing to Plaintiff's Counsel's outrageous demands, Defendants informed Plaintiff's Counsel that Plaintiff's teenage son, the user of the Number, had signed up to receive promotional text messages, and thus no violation had occurred. Susman Decl. ¶ 3 Ex. B, p. 3. Plaintiff's Counsel even acknowledged that consent is a defense. *Id*. at p. 5.

With full knowledge that Plaintiff's claims were baseless, Plaintiffs' Counsel initiated this action and filed the FAC that deceptively downplayed the facts that (i) Plaintiff's son is the actual user of the Number, (ii) Plaintiff's son signed up to receive text messages from Defendants, and (iii) Defendants contacted Plaintiff's son after he signed up to receive text messages and did not gain the Number through a random number generator.

Plaintiff's pleading of false and misleading information to the Court is ripe for Rule 11 Sanctions. *See Nanak Found. Tr. v. GMAC Mortg., LLC*, No. C-12-5647 EMC, 2012 WL 5818284, at *3 (N.D. Cal. Nov. 15, 2012) ("The court held that plaintiff submitted false and misleading information to the court, including exhibits that flagrantly omitted exonerating information, and ordered the plaintiff to show cause as to why sanctions should not be issued."); *Abedi v. New Age Med. Clinic PA*, No. 1:17-CV-1618 AWI SKO, 2018 WL 3155618, at *6 (E.D. Cal. June 25, 2018) ("Here, the Complaint contains allegations that are clearly false.").

This case can and should be brought to an end and Plaintiff's Counsel should be sanctioned for bringing this meritless case.

## IV.    CONCLUSION

Defendants' Rule 11 motion should be granted, and Plaintiff's Counsel should be sanctioned. Plaintiff's Counsel, along with Plaintiff, should be held jointly and severally liable for Defendants' reasonable fees and costs responding to Plaintiff's demand letters and defending this case.

Dated: January 31, 2022                    NOLAN HEIMANN LLP

By: _____
Jordan Susman
Attorneys for Defendants Smosh Dot Com, Inc. d/b/a Smosh, and Mythical Entertainment, LLC

-12-