# EXHIBIT C



16133 Ventura Blvd., Ste. 820
Encino, CA 91436
Phone: (818) 574-5710
jsusman@nolanheimann.com

September 28, 2021

**VIA EMAIL ONLY**

Craig Thor Kimmel, Esq
Kimmel & Silverman P.C.
400 S. Main St., 1st Floor
New Hope, PA 18938
kimmel@creditlaw.com

      Re:    <u>Smosh</u>

Dear Mr. Kimmel:

Our firm is litigation counsel for Mythical Venture a/k/a Smosh ("Smosh"), the owner of Smoshstore.com. I write with regard to your accusations that Smosh purportedly violated the Children's Online Privacy Protection Act ("COPPA"), the Telephone Consumer Protection Act ("TCPA"), and the Texas Business and Commercial Code ("TB&CC"). Please direct all further communications regarding this matter to my attention.

We have reviewed your prior communications with Smosh and find your allegations without merit for the reasons stated below.

## COPPA

Among other things, COPPA requires a website to "[e]stablish and maintain reasonable procedures to protect the confidentiality, security, and integrity of personal information collected from children," and seek parental consent for "collection, use, and/or disclosure" of personal information from a child. 16 C.F.R. §§ 312.3(b)&(e), 312.5.

COPPA, however, defines a child as "an individual under the age of 13" (15 U.S.C. § 6501; 16 C.F.R. § 312.2), and therefore makes your accusations meritless. According to information received from you, E▇▇ Howsley was over the age of 13 when he purportedly disclosed certain information to Smosh on November 3, 2019. Consequently, any collection and/or use of information Mr. Howsley provided could not constitute a violation of COPPA as a matter of law.

Further, your threats regarding a potential COPPA class action claim are not well taken as Smosh's website terms unambiguously state:

> The Site and Services are not directed or intended for children under 13 years of age. Smosh does not knowingly collect Personal Information from individuals under 13 years of age. If you are under 13 years of age, you should not register or provide Personal

> Information on the Site or through the Services. If you are the parent or guardian of a child whom you believe has disclosed Personal Information to Smosh, please contact Smosh at store@smosh.com so that Smosh may delete and remove such child's information from Smosh's systems.

COPPA only prohibits acts by an operator that has "actual knowledge" it is collecting personal information from a child. 15 U.S.C. § 6502. Smosh expressly disavows collecting such information and warns its users to not provide the same. Consequently, your allegations of any COPPA violations are fatally flawed.

### TCPA and TB&CC

The TCPA prohibits companies from texting marketing communications to consumers without the consumer's express written consent. 47 U.S.C. § 227 *et seq*. Smosh complies with this requirement by (i) not requiring a consumer to enter its phone number as a condition of purchase and (ii) having an "opt-in" check box on its checkout page that the consumer must affirmatively check in order to receive "exclusive offers and news via text messages & email." *See* 47 U.S.C. § 227(b)(1).

Your assumption that Mr. Howsley could not have "consented" under to the TCPA is legally baseless and factually false.

First, the TCPA requires a "person's" prior express consent. *See* 47 U.S.C. § 227(b)(1) *et seq*. It does not require an "adult's" permission, nor does it put any limitation on how old the "person" must be. Indeed, 47 U.S.C. § 153 (39) definition of a "'person' includes an individual, partnership, association, joint-stock company, trust, or corporation." The definition is not limited to those over the age of majority.

Second, under Texas a law, a minor may enter into a contract and the contract will remain valid unless and until the minor elects to void the contract. *Dairyland Cty. Mut. Ins. Co. of Texas v. Roman*, 498 S.W.2d 154, 158 (Tex. Sup. Ct. 1973). To date, Mr. Howsley has not notified Smosh of any desire to void his agreement with Smosh to receive text message communications, such that his affirmative agreement to receive such messages remains valid.

In sum, although Mr. Howsley may be using his cell phone in a manner his mother disapproves, such usage by a teenage boy does not give rise to claims against Smosh, as Smosh has not acted in any manner inconsistent with its obligations under COPPA, the TCPA, or the TB&CC.

As a courtesy, Smosh will cease sending Mr. Howsley marketing text messages. Otherwise, we deem this matter resolved.

September 28, 2021<br>Page 3 of 3

This letter is not intended to constitute, nor shall it be deemed to constitute, a full statement of all facts, rights or claims relating to this matter; neither is it intended, nor shall it be construed, as a waiver, release, or relinquishment of any rights available to our client, whether legal or equitable, all of which are hereby expressly reserved.

Very truly yours,

Jordan Susman of
**NOLAN HEIMANN, LLP**