KIMMEL & SILVERMAN, P.C.

Joseph D. Steward, III (337385)
1055 West 7th Street, 33rd Floor
Los Angeles, California 90017
Telephone: 215-540-8888 x 134
Facsimile: 215-540-8817
jsteward@creditlaw.com

Craig T. Kimmel, Esq. (*pro hac vice*)
Jacob U. Ginsburg, Esq. (*pro hac vice*)
30 E. Butler Ave.
Ambler, Pennsylvania 19002
kimmel@creditlaw.com
jginsburg@creditlaw.com
teamkimmel@creditlaw.com

BUTSCH ROBERTS & ASSOCIATES LLC

Christopher E. Roberts (*pro hac vice)*
231 S. Bemiston Avenue, Suite 260
Clayton, Missouri 63105
Phone: (314) 863-5700
Fax: (314) 863-5711
CRoberts@butschroberts.com
*Attorneys for Plaintiff*

NOLAN HEIMANN LLP

Jordan Susman, Esq. (SBN 246116)
Margo Arnold, Esq. (SBN 278288)
16000 Ventura Boulevard, Suite 1200
Encino, California 91436
Telephone: (818) 574-5710
Facsimile: (818) 574-5689
jsusman@nolanheimann.com
marnold@nolanheimann.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KRISTEN HALL, individually, and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> SMOSH DOT COM, INC. d/b/a SMOSH and MYTHICAL ENTERTAINMENT, LLC <br><br> Defendants. | Case No.: 2:21-cv-01997-JAM-AC <br><br><br><br><br><br><br><br> **JOINT STATUS REPORT** |

## I. Introduction

Plaintiff, Kristen Hall ("Plaintiff") and Defendants Smosh Dot Com, Inc. d/b/a Smosh and Mythical Entertainment, LLC (collectively, "Defendants") jointly submit this report in accordance with Rule 26(f) of the Federal Rules of Civil Procedure.

## II. Content and Parties' Responsibilities [Rule 26(f)(2)

The parties engaged in the Rule 26(f) meeting and discussed the content of Rule 26(f)(2) including (a) the nature and basis of their respective claims and defenses; (b) possibilities for promptly settling or resolving the case; (c) the timing of the disclosures under Rule 26(a)(1); (d) any issues about preserving discoverable information; and (e) developing a proposed discovery plan.

### III.   Joint Report

####   A. The nature of the case

#### Plaintiff:

This is a Telephone Consumer Protection Act 47 U.S.C. § 227, *et seq*. and Texas Business and Commerce Code § 302.101 *et seq*.  class-action in which Plaintiff seeks to represent similarly situated individuals.

Defendants Smosh and Mythical both knowingly telemarket to minors, who lack the capacity to consent to receive telemarketing calls under the laws of California. The Defendants' terms and conditions dictate that California law shall apply. Here, the Defendants claim to have consent to telemarket to Ms. Hall's cell phone from receiving a purported online submission from her minor son when he was 13 years old.   A minor lacks the capacity to enter such a contractual relationship.  If subscribers to telephone plans receive texts from Defendants based on a purported "consent" from a person of minority age, the affirmative defense of "express written consent" cannot be met.[1]

   Plaintiff seeks to represent sub-classes for persons whose numbers were on the Do Not Call registry for over 31 days and received telemarketing calls or texts without valid consent and known-residents of Texas who received solicitation calls or texts without a business relationship or permission because the Defendants failed to register as a telephone solicitor with the Texas Secretary of State.

#### Defendants

This is a Telephone Consumer Protection Act 47 U.S.C. § 227, *et seq*. and Texas Business and Commerce Code § 302.101 *et seq*. class-action which Plaintiff is bringing despite the fact that (i) Plaintiff is not the user of the cell phone number at issue and (ii) the user of the cell phone-number, Plaintiff's teenage son, legally consented to receive marketing text messages from Defendants.

---

[1] After the Amended Complaint was filed, the Ninth Circuit issued the decision *Meier v. Allied Interstate LLC*, No. 20-55286, 2022 U.S. App. LEXIS 1413 (9th Cir. Jan. 19, 2022) which Plaintiff reads to have rejected the theory that a predictive dialer can be an "automatic telephone dialing system" under 47 U.S.C. § 227(b).  Plaintiff therefore will not proceed with that claim and is in discussions with counsel for the Defendants as to the procedural mechanism by which that claim will be formally abandoned (i.e. stipulation, second amended complaint, etc.)

The operative complaint omitted and misstated facts that would have exonerated Defendants. For example, the operative complaint falsely alleges that Plaintiff was the user of the cell phone number and that her permission is somehow required for text messages to be sent to the cell phone number because those are elements required of a Telephone Consumer Protection Act 47 U.S.C. § 227, *et seq*. claim.

### B. Progress in the service of process

All defendants have been properly served.

### C. Possible joinder of additional parties

The parties do not anticipate joining any additional parties at this time, but reserve the right to add and/or join parties as warranted in the course of litigation.

### D. Any Expected or Desired Amendment of Pleadings

The parties do not anticipate further amendments at this time. The parties request a deadline of

### E. Jurisdiction and venue

This Court has original subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, which grants this Court original jurisdiction of all civil actions arising under the laws of the United States. Further, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A), because this case is a class action where the aggregate claims of all members of the proposed Class are in the excess of $5,000,000.00, exclusive of interest and costs. This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. This Court has personal jurisdiction over Defendants and venue is proper.

### F. Anticipated Motions and the Scheduling of Motions

#### 1. Plaintiff

Plaintiff anticipates filing a motion for class certification. In the event that the Defendants continue attaching and citing settlement communications to pleadings where such communications are not germane, Plaintiff intends to file a

motion to strike. Plaintiff is hopeful the parties can reach an agreement where the Defendants comply with FRE 408 while still presenting a robust and vigorous defense.

### 2. **Defendants**

Defendants have filed a Motion for Sanctions pursuant to Federal Rule of Civil Procedure 11 and will file a Motion to Dismiss. Should the Motion to Dismiss not be granted in its entirety, Defendants anticipate filing a motion for summary judgment.

**G. Anticipated discovery and the scheduling of discovery, including:**

(1) What changes, if any, should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;

The Parties will exchange Rule 26(a)(I) Initial Disclosures **by April 15, 2022**. The Parties agreed that no other changes should be made to the form or requirement for disclosures under Rule 26(a).

(2) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues;

**Plaintiff:** Discovery will be needed on the allegations made in Plaintiff's Complaint and any responsive pleading filed by Defendants. Plaintiff also seeks discovery on class information relating to the identities of class-members. The Parties anticipate they will conduct discovery primarily through interrogatories, requests for production, requests for admissions, depositions and subpoenas for documents and information. Plaintiff does not believe discovery should be completed in phases.

**Defendants**:

Discovery will be needed on the allegations made in Plaintiff's Complaint and any responsive pleading filed by Defendants. Defendants anticipate they will

conduct discovery primarily through interrogatories, requests for production, requests for admissions, depositions and subpoenas for documents and information. Defendant does not believe discovery should be completed in phases.

(3) <u>What changes, if any, should be made in the limitations on discovery imposed under the Civil Rules and what other limitations, if any, should be imposed; and</u>

The parties do not request any changes.

(4) <u>The timing of the disclosure of expert witnesses and information required by Rule 26(a)(2).</u>

The parties shall designate experts before the discovery end date.

**H. <u>Future proceedings, including setting appropriate cut−off dates for discovery, law and motion, and the scheduling of pretrial and trial;</u>**

Discovery End Date: **December 9, 2022**

Expert Discovery End Date: **February 1, 2023**

Dispositive Motion Deadline: **March 15, 2023**

Motion for Class Certification Deadline: **On or before January 26, 2023**

Opposition to Motion for Class Certification: **28 days after the filing of the Motion for Class Certification**

Reply in Support of Class Certification: **14 days after the filing opposition to class certification**

Pre-trial and Trial: **A reasonable trial date is difficult to ascertain due to uncertainties related to class certification and notice.**

**I. <u>Appropriateness of special procedures;</u>**

Not applicable.

**J. <u>Estimate of Trial Time</u>**

The parties request a jury trial and anticipate that a trial will take three to five days.

**K. Modification of standard pretrial procedures specified by the rules due to the relative simplicity or complexity of the action or proceedings**

This case constitutes complex litigation because it is a class and representative action. However, the Parties do not seek modification of standard pretrial procedures at this time, other than as proposed in this report.

**L. Whether the case is related to any other case, including any matters in bankruptcy.**

Parties to this joint report are not aware of any actions previously filed or concurrently pending in the Eastern District which (a) involve the same parties and are based on the same or similar event; (b) involve the same property, transaction, or event; (c) involve similar questions of fact and the same question or law; or (d) for any other reasons, would entail duplication of labor if actions were heard by different Judges or Magistrate Judges.

**M. Whether a settlement conference should be scheduled**

**Plaintiff:**

Plaintiff believes the prospect of settlement will be maximized after this action reaches the post-certification stage. However, Plaintiff proposes mediation sometime in **November of 2022** if the case is not settled at that point.

**Defendants:** Defendants believe the prospect of settlement will diminish after this action reaches the post-certification stage. Defendants propose mediation sometime in **November 2022** if the case is not settled at that point.

Respectfully submitted,

Dated: April 5, 2022            KIMMEL & SILVERMAN, P.C.

By: /s/ Joseph D. Steward, III
Joseph D. Steward, III, Esq. (337385)

1055 West 7th Street, 33rd Floor
Los Angeles, California 90017
Phone: 215-540-8888
Facsimile: 877-788-2864
Email: jsteward@creditlaw.com


/s/ Craig T. Kimmel
Craig T. Kimmel (pro hac vice)
/s/ Jacob U. Ginsburg
Jacob U. Ginsburg (pro hac vice)
30 E. Butler Ave.
Ambler, Pennsylvania 19002
kimmel@creditlaw.com
jginsburg@creditlaw.com
teamkimmel@creditlaw.com

BUTSCH ROBERTS & ASSOCIATES LLC

/s/ Christopher E. Roberts
Christopher E. Roberts, Esq. (pro hac vice)
231 S. Bemiston Avenue, Suite 260
Clayton, Missouri 63105
Phone: (314) 863-5700
Fax: (314) 863-5711
CRoberts@butschroberts.com
*Attorneys for Plaintiff*


NOLAN HEIMANN LLP

/s/ Jordan Susman
Jordan Susman, Esq. (SBN 246116)
Margo Arnold, Esq. (SBN 278288)
16000 Ventura Boulevard, Suite 1200
Encino, California 91436
Telephone: (818) 574-5710
Facsimile: (818) 574-5689

jsusman@nolanheimann.com
marnold@nolanheimann.com
*Attorneys for Defendants*