Jordan Susman, Esq. (SBN 246116)
jsusman@nolanheimann.com
Margo Arnold, Esq. (SBN 278288)
marnold@nolanheimann.com
NOLAN HEIMANN LLP
16000 Ventura Boulevard, Suite 1200
Encino, California 91436
Telephone: (818) 574-5710
Facsimile: (818) 574-5689

Attorneys for Defendants
Smosh Dot Com, Inc. d/b/a Smosh,
and Mythical Entertainment, LLC

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KRISTEN HALL, *on behalf of herself and all others similarly situated*,<br><br>Plaintiff,<br><br>vs.<br><br>SMOSH DOT COM, INC. d/b/a SMOSH, and MYTHICAL ENTERTAINMENT, LLC,<br><br>Defendants. | Case No.: 2:21-cv-01997-JAM-AC<br><br>**DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**<br><br>Date: June 28, 2022<br>Time: 1:30 p.m.<br>Courtroom: 6 |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on June 28, 2022, at 1:30 p.m., or as soon thereafter as may be heard by the above-entitled court, located in Courtroom 6 at Robert T. Matsui United States Courthouse, 501 I Street, Sacramento, California 95814, defendants Smosh Dot Com, Inc. and Mythical Entertainment, Inc. (collectively, "Defendants") will and hereby do move this Court for an order pursuant to Federal Rule of Civil Procedure 12(b)(6) dismissing the First Amended Complaint ("FAC") filed by Plaintiff Kristen Hall.

The Motion is based upon the grounds that the FAC fails to state facts sufficient to constitute any claim against the Defendants.

The Motion is based on this Notice of Motion and Motion; the attached Memorandum of Point and Authorities; the Declaration of Jordan Susman, and the [Proposed] Order filed concurrently herewith; other matters for which the Court may take judicial notice; the pleadings, papers, and records on file herein; and upon such oral and/or documentary evidence as may presented to the Court at the time of the hearing of this Motion.

PLEASE TAKE FURTHER NOTICE THAT, pursuant to Local Rule and 230(c), any opposition to this Motion shall be in writing and filed and served not less than fourteen (14) days preceding the noticed hearing date. No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party. See L.R. 135. A failure to file a timely opposition may also be construed by the Court as a non-opposition to the Motion.

Pursuant to the Court's Order re Filing Requirements (Dkt. 5-2), on April 5, 2022, counsel for the parties thoroughly discussed the substance of this Motion and were unable to reach any resolution.  Susman Decl. ¶ 11.

DEFENDANTS' MOTION TO DISMISS

1   WHEREFORE, Defendants hereby request that the Court enter an order:

2   A.   Dismissing the FAC; and

3   B.   Awarding any and all such other relief as this Court deems proper.

5   Dated: April 14, 2022                    NOLAN HEIMANN LLP

6
                                             By: _____
7                                            Jordan Susman
                                             Attorneys for Defendants
8                                            Smosh Dot Com, Inc. d/b/a Smosh,
                                             and Mythical Entertainment, LLC

**TABLE OF CONTENTS**

I. INTRODUCTION……………………………………………………………..1

II. STATEMENT OF FACTS………………………………………………………1

III. PLAINTIFF LACKS ARTICLE III STANDING……….……………...4

IV. LEGAL STANDARD APPLICABLE TO RULE 12(B)(6) MOTION……………………………………………………………………….5

V. THE FAC DOES NOT STATE A CLAIM FOR VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(c)(5)………………………………………………………...7

   a. Defendants Received Express Written Consent From the Number's User to Send the Text Messages………………………….7

   b. The Number is Not a Residential Number…………………………..9

VI. THE FAC DOES NOT STATE A CLAIM FOR VIOLATIONS OF TEXAS BUSINESS AND COMMERCE CODE SEC. 302.101……...............................................................................10

VII. CONCLUSION………………………………………………………………12

# TABLE OF AUTHORITIES

*Agne v. Papa John's Int'l, Inc.*,
    286 F.R.D. 559 (W.D. Wash. 2012)……………………………………………..5

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)……………………………………………………………..6

*Barton v. Temescal Wellness, LLC*,
    525 F. Supp. 3d 195 (D. Mass. 2021)……………………………………………9

*Bell At. Corp. v. Twombly*,
    550 U.S. 544, 555 (2007)………………………………………………………..6

*Breslow v. Wells Fargo Bank, N.A.*,
    857 F. Supp. 2d 1316 (S.D. Fla. 2012)…………………………………………..4

*C.M.D. v. Facebook, Inc.*,
    No. C 12-1216 RS, 2014 WL 1266291 (N.D. Cal. Mar. 26, 2014)……..…8, 9

*Coughenour v. Del Taco, LLC*,
    57 Cal. App. 5th 740, 745 (2020), *review denied* (Mar. 10, 2021)…………...8

*Dairyland Cty. Mut. Ins. Co. of Texas v. Roman*,
    498 S.W.2d 154 (Tex. 1973)……………………………………………………8

*Eriksson v. Nunnink*,
    233 Cal. App. 4th 708 (2015)……………………………………………………8

*Fowlkes v. Rodriguez*,
    584 F. Supp. 2d 561 (E.D.N.Y. 2008)…………………………………………..6

*Hapin v. Arrow Financial Services*,
    428 F. Supp. 2d 1057 (N.D. Cal. 2006)…………………………………………6

*Hunt v. Superior Ct.*,
    21 Cal. 4th 984 (1999)…………………………………………………………11

1   *I.B. ex rel. Fife v. Facebook, Inc.*,
2       905 F. Supp. 2d 989 (N.D. Cal. 2012)………………………………………...8
3   *In re B.W.,*
4       313 S.W.3d 818 (Tex. 2010)…………………………………………………….8
5   *Informix Software, Inc. v. Oracle Corp.*,
6       927 F. Supp. 1283 (N.D. Cal. 1996)……………………………………………..5
7   *Lazy Y Ranch LTD v. Behrens*,
8       546 F.3d 580 (9th Cir. 2008)……………………………………………………..5
9   *Lopez v. Kmart Corp.*,
10       No. 15-CV-01089-JSC, 2015 WL 2062606 (N.D. Cal. May 4, 2015)………..8
11   *Mr. W Fireworks, Inc. v. Ozuna*,
12       No. 04-08-00820-CV, 2009 WL 3464856 (Tex. App. Oct. 28, 2009)………..8
13   *Spokeo, Inc. v. Robins*,
14       136 S. Ct. 1540 (2016)…………………………………………………………..4
15   *Van Patten v. Vertical Fitness Grp., LLC*,
16       847 F.3d 1037 (9th Cir. 2017)………………………………………………...4, 7

**STATUTES:**

47 U.S.C. § 227(c)(5)……………………………………………………………..7
47 U.S.C. § 227(b)(1)(A)(iii)……………………………………………………...7
Texas Business and Commercial Code § 301.051………………………………….11
Texas Business and Commercial Code § 302.003……………………………...10, 11
Texas Business and Commercial Code § 302.001………………………………….10

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Smosh Dot Com, Inc. d/b/a Smosh, and Mythical Entertainment, LLC (collectively "Defendants") respectfully request that Plaintiff Kristen Hall's First Amended Complaint ("FAC") be dismissed with prejudice.

### I.   INTRODUCTION

Plaintiff's son provided his phone number to Defendants in order to receive promotional text messages from them. Consequently, Plaintiff's son later received promotional messages and never opted out of receiving such messages.

Plaintiff then turned around and filed this class action claiming that Defendants' compliance with her son's request to receive promotional messages somehow violates the TCPA and Texas law. Notwithstanding that Plaintiff does not have standing to bring this action, her claims are baseless, and this lawsuit is frivolous at best.

Even though Defense counsel provided Plaintiff's counsel with case law showing that a minor may enter into a contract, Plaintiff and her counsel refuse to dismiss this action. Accordingly, Defendants requests that the Court dismiss the entire action prejudice.

### II.   STATEMENT OF FACTS

Like many parents, Plaintiff Kristin Hall ("Plaintiff") gave her teenage son a cell phone. Like many teenagers, Plaintiff's son used his cell phone for his own personal activities, including providing his cell phone number (the "Number"), to Defendants, who own the retail website https://smosh.com, so he could receive inventory updates and promotional text messages. FAC ¶ 6 and FAC Ex. B.

As a result of Plaintiff's son *opting in* to receive messages from Defendants, between December 25, 2019, and June 29, 2020, the Number purportedly received five text messages announcing sales or new merchandise at https://smosh.com. FAC

-1-

¶ 34, Ex. A.

Plaintiff's son never opted out of receiving messages from Defendants, which he could have easily done by responding with "STOP."

Even after Plaintiff found out about her son's cell phone activities, she did not respond to Defendants' messages with "STOP," which would have removed the Number from the Defendants' text message list as specifically set forth and easily discoverable in the Defendants' Terms and Conditions that were accepted by opting in to the service. Instead, Plaintiff hired a law firm that brags it can turn unwanted communications into "significant monetary compensation" and sought to turn the five text messages that were *solicited by her son* into a "significant monetary compensation." Susman Decl. ¶ 10, Ex. D.

On August 6, 2021, more than one year after the Number purportedly received the last text message, Plaintiff sent Defendants a demand letter, claiming that Defendants had violated the Telephone Consumer Protection Act (the "TCPA") 47 U.S.C. 227, and demanding payment by Defendants. Susman Decl. ¶ 2 Ex. A.

On September 1, 2021, Defendants responded to Plaintiff's demand letter. *Id*. ¶¶ 3, 8, Ex. B, p. 6. Defendants informed Plaintiff that Defendants only send text messages to consumers who expressly "opt-in" to receive such advertising and stated Defendants' willingness to block any future communications. *Id*.

On September 2, 2021, Plaintiff responded to Defendants and acknowledged that "consent is a defense" to TCPA claims. *Id*. ¶¶ 4, 8, Ex. B, p. 5.

On September 9, 2021, Defendants informed Plaintiff that Defendants have no record of Plaintiff in their records. *Id*. ¶¶ 5, 8 Ex. B, p. 4.

Only then did Plaintiff finally provide Defendants with the Number. *Id*.

Upon receiving the Number, on September 9, 2021, Defendants immediately

informed Plaintiff that E*** Howsley had signed up to receive text messages on November 3, 2019, and produced written evidence of same. FAC, Ex. B; Susman Decl. ¶¶ 6, 8 Ex. B, p.3.

Upon receipt of this information, Plaintiff was forced to admit that E*** Howsley was, in fact, Plaintiff's son and the primary user of the Number. *Id*. ¶¶ 7, 8 Ex. B, p. 2.

Notwithstanding Defendants' indisputable evidence that Plaintiff's son had opted-in to receive promotional text message communications, and notwithstanding Plaintiff's admission that "consent is a defense," Plaintiff filed the instant lawsuit.

In the FAC, Plaintiff sought to downplay that Plaintiff's son was the user of the Number and that Plaintiff's son signed up to receive text messages. However, no amount of ribbon and glue can hold together Plaintiff's claims. The specifically pleaded allegations in the FAC, coupled with the communications between Plaintiff's counsel and Defendants, some of which are attached to the FAC, do not state valid claims for relief.

The FAC's single claim for violation of the TCPA[1] fails as a matter of law for several independent reasons:

- Plaintiff does not have standing to bring this lawsuit because it was her son, and not Plaintiff, who purportedly received the text messages;
- The actual user of the Number, Plaintiff's son, provided Defendants with express consent to send the Number promotional text messages;

The FAC similarly fails to state a viable claim for violation of Texas Business and Commerce Code ("TBCC") section 302.101 *et seq*. because: (1) Defendants

---

[1] On April 11, 2022, the Court dismissed Count I of the FAC, which was asserted under 47 U.S.C. § 227(b). [Dkt. 33].

-3-

purportedly sent text messages, not "telephone calls" as required by statute (TBCC §§ 301.001(4) and 302.001(7)); (2) Defendants sent text messages in response to the express request of Plaintiff's son to receive messages (TBCC § 301.051), and; (3) Defendants fall within an exception to the statute, as they have operated for more than two years a retail establishment where consumer goods are displayed and offered for sale continuously (TBCC § 302.059).

In sum, the FAC is not merely frivolous, but without any factual basis and should be dismissed with prejudice.

### III.  PLAINTIFF LACKS ARTICLE III STANDING

Before addressing the merits of Plaintiff's claims, the Court must first determine if Plaintiff has standing. Article III standing requires that a plaintiff "have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). It is readily apparent from the face of the FAC that Plaintiff lacks standing.

"The TCPA establishes the substantive right to be free from certain types of phone calls and texts absent consumer consent." *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017) (citing *Spokeo*, *Inc. v. Robins*, 578 U.S. 330, 338 (2016)). "Unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude *of their recipients*." *Id*. (emphasis added). Courts have repeatedly held that the "called party" language of the TCPA means the actual recipient of the call (or in this case, the text messages) and not the owner or intended recipient. *See Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1321 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014) (collecting cases).

-4-

DEFENDANTS' MOTION TO DISMISS

Although Plaintiff claims in the FAC that she is the "owner" of the Number and as the "owner" she allegedly found the text messages "irritating, exploitative and invasive," **Plaintiff fails to plead that she ever used the Number or received any of the alleged messages from Defendants**. FAC, ¶ 37. In fact, the FAC admits that Plaintiff's son was the "user" of the Number.  FAC, ¶ 26. It is the actual user of the number that the TCPA is intended to protect. *See Agne v. Papa John's Int'l, Inc.,* 286 F.R.D. 559, 565 (W.D. Wash. 2012).

Plaintiff's desperate efforts to downplay her son's use of the Number are contradicted by Plaintiff's earlier admission that Plaintiff gave her son the cell phone for the purpose of maintaining contact with her and her son's father. Susman Decl. ¶ 3 Ex. B, p.2 ("She gave him a cell phone for E*** to stay in contact with her and his father only."). Consequently, Plaintiff's claims fail as a matter of law, as she is not a proper plaintiff to this action.

### IV.     LEGAL STANDARD APPLICABLE TO RULE 12(B)(6) MOTION

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. While the Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff," (*Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008)), it may also utilize documents submitted as part of the complaint and documents whose contents are alleged in the complaint. *See Informix Software, Inc. v. Oracle Corp.*, 927 F. Supp. 1283, 1285 (N.D. Cal. 1996) ("[D]ocuments whose contents are alleged in a complaint, and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss.").

The FAC referenced cherry-picked pre-litigation communications between

Plaintiff's and Defendants' counsel. Accordingly, all of the written pre-litigation communications between Plaintiff's and Defendant's counsel may be considered in deciding this motion. *See Fowlkes v. Rodriguez*, 584 F. Supp. 2d 561 (E.D.N.Y. 2008) ("The court may also consider documents or information in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint."); *Hapin v. Arrow Financial Services*, 428 F. Supp. 2d 1057 (N.D. Cal. 2006) (internal quotes and citations omitted) ("district court may consider the full texts of documents that the complaint only quotes in part. This rule precludes plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based.").

While the pleading standard of Federal Rule of Civil Procedure 8(a)(2) is liberal, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell At. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Per *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

The FAC has not, and cannot, meet these burdens.

//
//
//

## V. THE FAC DOES NOT STATE A CLAIM FOR VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(c)(5)

Section 227(c)(5) of the TCPA allows a private right of action for "a person who has received more than one telephone call within any 12-month period by or on behalf of the same entity" in violation of the prescribed regulations. 47 U.S.C. § 227(c)(5). Section 227(c) is titled "Protection of subscriber privacy rights" but specifically addresses the position of "residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." *Id.* § 227(c)(5).

Plaintiff's TCPA 47 U.S.C. § 227(c)(5) claim fails for two reasons: (i) Defendants received express consent to contact the Number and (ii) the Number was connected to a cell phone.

### A. Defendants Received Express Consent From the Number's User to Send the Text Messages

The TCPA only prohibits unwanted communications. *Van Patten*, 847 F.3d at 1047 ("the TCPA is a remedial statute intended to protect consumers from unwanted automated telephone calls and messages"). Text messages sent to a consenting consumer cannot give rise to TCPA claims. 47 U.S.C. § 227(b)(1)(A)(iii).

As discussed above, the FAC admits that Defendants obtained the Number on November 3, 2019, when Plaintiff's teenage son agreed to receive messages. FAC ¶ 41, Ex. B.

Despite being under the age of majority, Plaintiff's teenage son was capable of consenting to receive text messages from Defendants. The law in Texas, where Plaintiff and her son reside, is clear: minors may enter into contracts without parental consent and such contracts can be invalidated based on the minor's age

-7-

DEFENDANTS' MOTION TO DISMISS

only at the minor's election. *Mr. W Fireworks, Inc. v. Ozuna*, No. 04-08-00820-CV, 2009 WL 3464856, at *6 (Tex. App. Oct. 28, 2009) ("**when a minor enters into a contract, that contract is not void**, but is voidable at the election of the minor"); *Dairyland Cty. Mut. Ins. Co. of Texas v. Roman*, 498 S.W.2d 154, 158 (Tex. 1973) ("While the contract of a minor is not void, it is voidable at the election of the minor. This means that the minor may set aside the entire contract at his option, but he is not entitled to enforce portions that are favorable to him and at the same time disaffirm other provisions that he finds burdensome."); *In re B.W.,* 313 S.W.3d 818, 823 (Tex. 2010) ("[A] minor's contracts are voidable at the minor's election, even if the minor knew what he or she was doing and innocent people are prejudiced.").

**California law, which Plaintiff claims in the Rule 26(f) Report should apply to this case, also "plainly provides that a minor has the capacity to contract."** *Lopez v. Kmart Corp.*, No. 15-CV-01089-JSC, 2015 WL 2062606, at *4 (N.D. Cal. May 4, 2015) (citing Cal. Civ. Code § 1557 and Cal. Family Code § 6700); *C.M.D. v. Facebook, Inc.*, No. C 12-1216 RS, 2014 WL 1266291, at *3 (N.D. Cal. Mar. 26, 2014), *aff'd sub nom. C.M.D. ex rel. De Young v. Facebook, Inc.*, 621 F. App'x 488 (9th Cir. 2015) ("the basic presumption is that minors *do* have the power to enter into binding contracts.") (emphasis in original).

For instance, a minor can legally sign a liability waiver with their equestrian coach and the waiver can only be voided at the minor's request. *Eriksson v. Nunnink*, 233 Cal. App. 4th 708, 724 (2015). A minor can enter a contract to purchase game credits and cannot later, after spending the credits, try to disaffirm the contract and get their money back. *I.B. ex rel. Fife v. Facebook, Inc.*, 905 F. Supp. 2d 989, 1004 (N.D. Cal. 2012). A minor can also enter into an employment agreement. *Coughenour v. Del Taco, LLC*, 57 Cal. App. 5th 740, 745 (2020), *review*

-8-

*denied* (Mar. 10, 2021).

*C.M.D. v. Facebook, Inc.* is instructive. In *C.M.D. v. Facebook*, a putative class action, the plaintiffs sued Facebook claiming that it used their identities for commercial purposes without their consent because their prior agreement to Facebook's Statement of Rights and Responsibilities ("SRRs"), which gave Facebook such consent, was unenforceable due to the plaintiffs' minority status. The court, on a Rule 12(b)(6) motion to dismiss, held that "plaintiffs' basic legal theory is indeed untenable," because the minor plaintiffs had the power to enter binding contracts, agreed to abide by Facebook's SRRs in order to use Facebook's services, and never sought to disaffirm their agreement. *Id.* at 3-4.

The exact same fact pattern exists here. Plaintiff's teenage son, under either Texas or California law, had the power to enter into binding contracts; agreed to receive messages from Defendants; and never sought to rescind his consent. Therefore, every text message sent to the Number was sent with express consent, and Plaintiff's TCPA claim fails as a matter of law.

**B.     The Number is Not a Residential Number**

Plaintiff's TCPA claim also fails because 47 U.S.C. § 227(c)(5) only applies to residential telephone numbers. *Barton v. Temescal Wellness, LLC*, 525 F. Supp. 3d 195, 201 (D. Mass. 2021) ("Under the TCPA, only residential phone subscribers are entitled to Do Not Call protections.").

Here, the FAC alleges that the Number was a cell phone number (FAC ¶¶ 25, 27) and therefore cannot be the basis for a claim under 47 U.S.C. § 227(c)(5) claim. In an effort to obtain Do Not Call protections, however, Plaintiff alleges that the cell phone at issue was "primarily used for residential purposes" (FAC ¶ 27). This allegation is contradicted by Plaintiff's earlier admission that she gave her son the

cell phone for the purpose of maintaining contact with her and her son's father. Susman Decl. ¶ 8 Ex. B, p.2 ("She gave him a cell phone for E*** to stay in contact with her and his father only."). Because the Number was a cell phone used by Plaintiff's son primarily to stay in contact with his parents, and was not a residential line, Plaintiff's TCPA claim fails as a matter of law.

## VI. THE FAC DOES NOT STATE A CLAIM FOR VIOLATIONS OF TEXAS BUSINESS AND COMMERCE CODE SEC. 302.101

TBCC § 302.101's "underlying purpose [is] to protect persons against false, misleading, or deceptive practices in the telephone solicitation business." TBCC § 302.003. The statute prohibits "telephone call[s] a seller or salesperson initiates to induce a person to purchase, rent, claim, or receive an item" unless the seller holds a registration certificate for the business location from which the telephone solicitation is made or is an established business that qualifies for an exemption. *Id.* § 302.001. There are numerous exemptions to the statute, including (1) an exemption for sellers of consumer goods who, for at least two years, have operated a retail establishment where consumer goods are displayed and offered for sale continuously, and the majority of the seller's business involves buyers obtaining services or products at the retail establishment (*Id*. § 302.059), and (2) sellers who solicit business from former or current customers (*Id*. § 302.58).

Plaintiff's TBCC claim fails for three independent reasons.

As an initial matter, the Texas statute applies to telephone calls, not text messages. TBCC § 301.001 defines "Consumer telephone call" as "an unsolicited **call** made to a residential telephone number by a telephone solicitor." And TBCC § 302.001(7) defines "Telephone solicitation" as "**a telephone call** a seller or salesperson initiates to induce a person to purchase, rent, claim, or receive an item."

-10-

DEFENDANTS' MOTION TO DISMISS

The plain language of the statute makes no reference to "text messages." *Hunt v. Superior Ct.*, 21 Cal. 4th 984 (1999) ("Our role in construing a statute is to ascertain the Legislature's intent so as to effectuate the purpose of the law. . . . If there is no ambiguity in the language, we presume the Legislature meant what it said, and the plain meaning of the statute governs.").[2]  For this reason alone, Plaintiff's claim for violation of the Texas statute fails as a matter of law.

Second, the Texas statute "does not apply to a consumer telephone call made in response to the express request of the consumer." TBCC § 301.051.  Because Plaintiff's son expressly requested to receive text messages from Defendants, Plaintiff's claim fails as a matter of law.

Third, even if a text message qualified as a telephone solicitation, Defendants fall within one of the exemptions to the statute as they have operated an online retail establishment since at least January 1, 2016—more than two years before the first text message was purportedly sent to the Number.  Susman Decl. ¶ 9, Ex. C.  In fact, the text messages sent to the Number contained links to Defendants' online retail establishment because purchases could only be made through the website. (FAC, Ex. A.).

For all these reasons, Plaintiff's claim under the Texas statute fails as a matter of law.

---

[2] Although the Texas statute should be "liberally construed," such liberality should only be applied to promote the statute's "underlying purpose to protect persons against false, misleading, or deceptive practices in the telephone solicitation business." TBCC § 302.003.  Because the FAC does not allege any "false, misleading, or deceptive practices," it would be improper to expand the statute to include text messages.

-11-

DEFENDANTS' MOTION TO DISMISS

## VII.  CONCLUSION

For the foregoing reasons, the Court should grant Defendants' Motion to Dismiss with prejudice.

Dated: April 14, 2022

NOLAN HEIMANN LLP

By: _____
Jordan Susman
Attorneys for Defendants
Smosh Dot Com, Inc. d/b/a Smosh,
and Mythical Entertainment, LLC