KIMMEL & SILVERMAN, P.C.

Joseph D. Steward, III (337385)
1055 West 7th Street, 33rd Floor
Los Angeles, California 90017
Phone: 215-540-8888 x 134
jsteward@creditlaw.com

Craig T. Kimmel, Esq. (*pro hac vice*)
Jacob U. Ginsburg, Esq. (*pro hac vice*)
30 E. Butler Ave.
Ambler, Pennsylvania 19002
kimmel@creditlaw.com
jginsburg@creditlaw.com
teamkimmel@creditlaw.com

BUTSCH ROBERTS & ASSOCIATES LLC

Christopher E. Roberts (*pro hac vice*)
231 S. Bemiston Avenue, Suite 260
Clayton, Missouri 63105
Phone: (314) 863-5700
CRoberts@butschroberts.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTEN HALL, individually, and on behalf of all others similarly situated, | Case No.: 2:21-cv-01997-JAM-AC |
| Plaintiff, | **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| | Date: June 28, 2022 |
| SMOSH DOT COM, INC. d/b/a SMOSH and MYTHICAL ENTERTAINMENT, LLC | Time: 1:30 p.m. |
| | Courtroom: 6 |
| Defendants. | U.S. District Judge John A. Mendez |

## I. INTRODUCTION

Plaintiff's complaint plainly alleges each element of her claims under the Telephone Consumer Protection Act ("TCPA") and the Texas Business & Commercial Code ("TBCC") against Defendant. Instead of attacking the elements of Plaintiff's claims, each of Defendant's arguments in support of dismissal are based on an affirmative defense. Defendant's affirmative defense is that it had the "prior express invitation or permission" from Plaintiff's minor son to send text messages to Plaintiff, a "residential telephone subscriber" whose phone number is registered on the National Do-Not-Call list. However, only an adult, not a minor, is a "subscriber" under the TCPA. Defendant therefore lacked the requisite consent to send text messages to Plaintiff's cell phone.

Defendant falls short of establishing that dismissal is warranted. The Court should deny Defendant's motion to dismiss.

## II. STATEMENT OF RELEVANT FACTS

Defendant Smosh Dot Com, Inc. is an online entertainment and merchandise company that markets its products and services to adolescents. [Doc. 10, ¶ 12]. Defendant Mythical Entertainment, LLC is the parent company of Smosh Dot Com, Inc. *Id.* at ¶ 15. Mythical Entertainment, LLC owns and operates Smosh.com. *Id.* at ¶ 6. The two entities work together in concert. *Id.* at ¶ 15.

Defendants market their products and services, in part, through text message marketing. *Id.* at ¶ 8.

Plaintiff Kristen Hall, who resides in Texas, owns a cellular phone. *Id.* at ¶¶ 10, 25. She is the "subscriber" of that phone, the phone number for which is 575-XXX-0669. *Id.* at ¶¶ 25, 37. Ms. Hall's cell phone was used primarily for residential purposes. *Id.* at ¶ 27.

Plaintiff registered her phone number on the National Do-Not-Call Registry on or about November 8, 2019. *Id.* at ¶ 28. Plaintiff registered her number to obtain solitude from invasive and irritating solicitation calls. *Id.* at ¶ 29. As Plaintiff sometimes allowed her minor son to use her phone, she also registered her number for the purpose of protecting her minor son from being inundated with advertisers and data-miners. *Id.* at ¶¶ 25-26, 29.

Ms. Hall did not consent to being contacted on her cell phone by Defendants. *Id.* at ¶ 30. Yet, beginning on December 25, 2019, Defendants sent at least five text messages to Plaintiff's cell phone that solicited Defendants' merchandise. *Id.* at ¶ 34; *see also* Doc. 11. The information Defendants obtained about the cell phone number associated the number with a 13-year-old minor located in Texas. *Id.* at ¶¶ 31-33, 40-41.

As the subscriber and owner of the cell phone receiving the unwanted text messages, Plaintiff found those solicitation messages to be irritating, exploitative

and invasive. *Id.* at ¶ 37. These messages were the precise type of communications Plaintiff sought to avoid receiving when she registered her number on the Do-Not-Call registry. *Id.* at ¶ 38.

Plaintiff brings a count against Defendants for violating section 227(c) of the TCPA by calling her number multiple times after her number was registered on the National Do-Not-Call Registry. *Id.* at ¶¶ 71-79. Plaintiff also brings a count under the TBCC for placing telephone solicitations to her cell phone without first obtaining the requisite registration certificate from the State of Texas to place such solicitations. *Id.* at ¶¶ 80-85.

## III.  APPLICABLE STANDARDS

### A.  Motion to Dismiss Brought Under Rule 12(b)(1)

Rule 12(b)(1) allows a party to challenge a federal court's subject matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1). Once a party moves to dismiss under Rule 12(b)(1), "the opposing party bears the burden of establishing the court's jurisdiction." *Andino v. Apple, Inc.*, No. 2:20-cv-01628-JAM-AC, 2021 WL 1549667, at *1 (E.D. Cal. Apr. 20, 2021) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). A Rule 12(b)(1) motion to dismiss is a "facial" or "factual" challenge to the complaint. *Pit River Tribe v. Bureau of Land Mgmt.*, 512 F.Supp.3d 1055, 1060 (E.D. Cal. 2021). In a "facial attack, the challenger asserts that the allegations contained in the complaint are insufficient to

invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). The Court accepts the allegations in the complaint as true under a "facial" challenge, but not where a "factual" challenge is raised. *Pit River Tribe*, 512 F.Supp.3d at 1060.

Defendants raises a "facial" attack. Defendants argue Plaintiff lacks Article III standing (and therefore this Court lacks subject matter jurisdiction) because Plaintiff "fails to plead she ever use the number or received any of the messages." [Doc. 34, p. 11]. Assuming the allegations of the complaint are true, Plaintiff establishes that this Court has subject matter jurisdiction to adjudicate this case.

**B.      Motion to Dismiss Brought Under Rule 12(b)(6)**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and a complaint that fails to do so is subject to dismissal pursuant to Rule 12(b)(6). FED. R. CIV. P. 8(a)(2). To survive a Rule 12(b)(6) motion, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a Defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing a Rule 12(b)(6) motion, courts must accept as true all facts alleged in the complaint and draw all reasonable

inferences in favor of the plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

"Dismissal under Rule 12(b)(6) on the basis of an affirmative defense is proper only if defendant shows some obvious bar to securing relief on the face of the complaint." *Hash v. Rallos*, No. 20-cv-1272-TLN-AC, 2022 WL 951231, at *5 (E.D. Cal. Mar. 30, 2022). Here, Defendant has not met its heavy burden of showing that it will prevail on its affirmative defense of consent. Defendant's motion should be denied.

## IV.   ARGUMENT

### A.   Plaintiff pleads the elements of her claim under the TCPA.

There are two basic elements of Plaintiff's claim under Section 227(c) of the TCPA. First, a telephone solicitation must have been placed to a "residential telephone **subscriber** who has registered his or her phone number on the national do-not-call registry . . . ." 47 C.F.R. § 64.1200(c)(2) (emphasis added); 47 U.S.C. § 227(c)(5); *see also Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 655 (4th Cir. 2019). Second, more than one such call must have been made to the phone number within a twelve-month period. 47 U.S.C. § 227(c)(5); *Krakauer*, 925 F.3d at 655.

> **1.      Plaintiff pleads that she is a "residential telephone subscriber who has registered her number phone number on the national do-not-call registry."**

### a. A "residential telephone subscriber" includes persons who register wireless phone numbers on the national do-not-call registry.

A "residential telephone subscriber" includes subscribers' wireless phone numbers. *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd 14014, 14039 (2003). The FCC held:

> [W]e believe it is more consistent with the overall intent of the TCPA to allow wireless subscribers to benefit from the full range of TCPA protections. As indicated above, Congress afforded wireless subscribers particular protections in the context of autodialers and prerecorded calls. In addition, although Congress expressed concern with residential privacy, it also was concerned with the nuisance, expense and burden that telephone solicitations place on consumers. Therefore, **we conclude that wireless subscribers may participate in the national do-not-call list.** As a practical matter, since determining whether any particular wireless subscriber is a "residential subscriber" may be more fact-intensive than making the same determination for a wireline subscriber, **we will presume wireless subscribers who ask to be put on the national do-not-call list to be "residential subscribers."**

*Id.* (emphasis added and internal citations omitted). The FCC further held that "the national database should allow for the registration of wireless telephone numbers, and that such action will better further the objectives of the TCPA . . . ." *Id.* at *14037.

The applicable regulation crystalizes the FCC's holding. Section 64.1200(e) provides, "the rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls to

**wireless telephone numbers** to the extent described in [the 2003 FCC Ruling]." 47 C.F.R. § 64.1200(e) (emphasis added).

Moreover, a multitude of courts in this Circuit hold that the Do-Not-Call list protections apply to wireless numbers. This is not surprising as "the 2003 FCC Order is binding on this Court." *Sasin v. Enter. Fin. Group*, No. 17-4022-CBM-RAO, 2017 WL 10574367, at *6 (C.D. Cal. Nov. 21, 2017). Courts in this Circuit repeatedly hold that Section 227(c) claims apply to calls placed to wireless numbers. *See Miholich v. Senior Life Ins. Co.*, No. 21-cv-1123-WQH-AGS, 2022 WL 410945, at *3 (S.D. Cal. Feb. 10, 2022) (citing the 2003 FCC order and noting that "personal cell phones can be considered 'residential telephones'"); *Izor v. Abacus Data Sys., Inc.*, No. 19-cv-01057-HSG, 2019 WL 3555110, at *2 (N.D. Cal. Aug. 5, 2019) (denying motion to dismiss and recognizing that 227(c) and its corresponding wireless regulations apply to wireless numbers); *Heidarpour v. Empire Capital Funding Group Inc.*, No. 18-cv-00250-YGR-KAW, 2018 WL 6809186, at *5 (N.D. Cal. Oct. 25, 2018) (plaintiff stated a "meritorious claim" under Section 227(c) where calls were placed to a wireless number); *Sasin*, 2017 WL 10574367, at *5-6 (denying motion to dismiss Section 227(c) claim where plaintiff alleged call was placed to a cell phone).

> **b.  A "subscriber" to a wireless number must be an adult.**

Notably, the applicable regulations also define the term "subscriber," a subset of the term "residential telephone subscriber." A "subscriber" must be an "adult person." 47 C.F.R. § 64.1100(h). "Subscriber" is defined as "any one of the following:"

(1)  The party identified in the account records of a common carrier as responsible for payment of the telephone bill;

(2)  Any **adult person** authorized by such party to change telecommunications services or to charge services to the account; or

(3)  Any person contractually or otherwise lawfully authorized to represent such party.

47 C.F.R. § 64.1100(h) (emphasis added).

The FCC has repeatedly made clear that a "subscriber" cannot be a minor and that the minor cannot act on a "subscriber's" behalf. *See generally In re Excel Telecomms., Inc.*, 18 F.C.C.R. 2828 (2003); *In the Matter of AT&T Corp.*, 21 F.C.C.R. 12709 (2006). Both rulings are instructive.

The complaint before the FCC in *Excel* was that Excel Communications improperly changed the complaining party's telecommunications service provider to AT&T without obtaining the proper authorization and verification to make such a change. *Id.* at 2828. Excel provided evidence of a recording of a person who provided Excel authorization to change providers. *Id.* at 2829. The person providing the authorization provided Excel a birthdate of January 16, 1984, and the

carrier change occurred on June 30, 2001. *Id.* In other words, the person was 17-years old when they provided the authorization. *Id.*

The FCC concluded that Excel failed to establish it obtained the complaining party's authorization to change carriers because the person who provided the authorization was not an adult. *Id.* at 2830. The FCC held:

> The person authorizing the switch was, therefore, not an adult as required by our rules [citing 47 C.F.R. § 64.1100(h)]. We find that Excel has failed to produce clear and convincing evidence that Complainant authorized a carrier change. Therefore, we find that that Excel's actions resulted in an unauthorized change in Complainant's telecommunications service provider . . . .

*Id.* at 2829-30.

The FCC reached the same conclusion in *AT&T. In the Matter of AT&T Corp.*, 21 F.C.C.R. at 12710-11. The complaint in *AT&T* alleged that the telecommunication service provider was changed from Talk America to AT&T without the proper authorization. *Id.* at 12710. The FCC found AT&T "accepted authorization from . . . a 13-year-old, in violation of our rules [citing 47 C.F.R. § 64.1100(h)]." *Id* at 12711.

The law is clear. A "subscriber" must be an "adult." Plaintiff, not her minor son, was the "subscriber" of the cell phone number at issue.

   **c. Plaintiff pleads that she is a "residential telephone subscriber" and that she is a "subscriber."**

Plaintiff pleads that she is a "residential telephone subscriber who has registered her number phone number on the national do-not-call registry." Plaintiff, an adult, registered her cell phone number on the Do-Not-Call list on November 8, 2019. *Id.* at ¶¶ 10, 28. Plaintiff was the "subscriber" of the phone. *Id.* at ¶ 37. That phone number was used for "residential purposes." *Id.* at ¶ 27.

While Plaintiff's minor son occasionally used Plaintiff's phone, the minor son was not a "subscriber" of the phone number as he was not an adult at the time the text messages at issue were sent to Plaintiff's cell phone. *Id.* at ¶¶ 31-32, 34, 41. Moreover, Plaintiff registered her phone number on the National Do-Not-Call list to protect her son from receiving such telephone solicitations. *Id.* at ¶ 29.

The only case cited by Defendants regarding the "residential telephone subscriber" issue lends further support to denying Defendants' motion. [Doc. 34, p. 15] (citing *Barton v. Temescal Wellness, LLC*, 525 F.Supp.3d 195, 201 (D. Mass. 2021). The *Barton* court denied a motion to dismiss where plaintiff alleged defendant improperly sent her text messages after her cell phone number was registered on the Do-Not-Call list. *Id.* at 201-02. The defendant in *Barton* argued that the plaintiff did not explicitly allege plaintiff used her cell phone as a residential line. *Id.* at 201. The *Barton* court denied the motion to dismiss because plaintiff pled "her cell phone number is registered on the Do Not Call Registry and the Do Not Call Registry is only open to residential subscribers . . . ." *Id.* at 202.

This case is even stronger than *Barton*. Plaintiff, like the plaintiff in *Barton*, alleges she registered her cell phone on the Do-Not-Call registry. However, unlike the plaintiff in *Barton*, plaintiff affirmatively alleges the cell phone was "used primarily for residential purposes. [Doc. 10, ¶ 27]. In short, even the single case cited by Defendant establishes that the Do-Not-Call list protections apply to cell phones and that dismissal is not warranted.

**2. Plaintiff pleads that she received more than one text message on her cell phone within a twelve-month period.**

Plaintiff also pleads the second element of her TCPA claim – that within a twelve-month period she received more than one text message to her phone number that was registered on the Do-Not-Call List. Plaintiff alleges that she received at least five text messages on her phone between December 25, 2019 and June 29, 2020. *Id.* at ¶ 34; Doc. 11. Again, Plaintiff's number was registered on the Do-Not-Call List before she received the texts at issue. *See id.* at ¶ 28.

Plaintiff plainly pleads the elements of her claim under the TCPA. Defendant's motion should therefore be denied.

Defendant's basis for dismissal, however, is not based on an element of Plaintiff's claim but based on Defendant's affirmative defense of consent. Defendant's consent-based argument fails and its motion should be denied.

**B.    Defendant fails to establish its defense that Plaintiff provided her "prior express invitation or permission" to send her text messages.**

Each of Defendants' arguments in support of dismissal revolve around Defendant allegedly obtaining the proper consent to send text messages to Plaintiff's cell phone. [*See* Doc. 35, pp. 10-18]. Consent, however, is not an element of a TCPA claim, but "an affirmative defense for which the defendant bears the burden of proof." *Van Patten v. Vertical Fitness Group, LLC*, 847 F.3d 1037, 1044 (9th Cir. 2017); *see also Aussieker v. Lee*, No. 19-cv-00365-JAM-CKD, 2021 WL 352438, at *5 (E.D. Cal. Feb. 2, 2021). Dismissal "on the basis of an affirmative defense" is warranted "only if defendant shows some obvious bar to securing relief on the face of the complaint." *Hash*, 2022 WL 951231, at *5. Defendant makes no such showing.

The TCPA's regulations set forth the appropriate form of consent to telephone numbers on the National No-Not-Call Registry. A telemarketer may only call phone numbers on the National Do-Not-Call Registry if the company "obtained the subscriber's prior express invitation or permission" to call such numbers. 47 C.F.R. § 64.1200(c)(2)(ii) (emphasis added).[1] Moreover, as discussed earlier, a "subscriber" must be an "adult person." 47 C.F.R. § 64.1100(h).

---

[1] Moreover, such consent must be in the form of a "signed, written agreement" agreeing "to be contacted by Defendant" and "which includes the phone number to which the calls may be placed." 47 C.F.R. § 64.1200(c)(2)(ii). Defendant provides no record of a signed written agreement between the "subscriber," i.e., Plaintiff, and Defendant.

Defendant provides no evidence that it obtained such consent from Plaintiff, the "subscriber" of the cell phone number at issue.

### 1. Plaintiff has Article III standing to bring her TCPA claim.

To have standing, "the plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). In the context of a Do-Not-Call violation under the TCPA, a plaintiff suffers an injury in fact where the complaint alleges: (1) receiving text messages to a cell phone number registered on the Do-Not-Call list; and (2) an invasion of a privacy interest. *Miholich*, 2022 WL 410945, at *3 (citing *Van Patten*, 847 F.3d at 1043).

Plaintiff has Article III standing to pursue her claim under the TCPA. Like the plaintiff in *Miholich*, Plaintiff alleges: (1) she received text messages to her cell phone number which was registered on the Do-Not-Call list; and (2) that the messages invaded her right to be left alone. [*See* Doc. 10, ¶¶ 28, 34, 37 (describing the texts as irritating, exploitative and invasive)].

Defendants instead essentially argue that Plaintiff lacks standing because she "fails to plead that she ever used the Number or received any of the alleged messages" and that the texts at issue were requested to be received. [Doc. 34, pp. 10-11]. Not so. Plaintiff alleges that the texts were "irritating, exploitative and

invasive." [Doc. 10, ¶ 37]. Moreover, Plaintiff alleges that her minor son only used the phone "at times" and that Plaintiff registered her number on the Do-Not-Call list to protect her son from advertisers. *Id.* at ¶¶ 26, 29.

The FCC has reached a similar conclusion. The FCC has long held:

> Callers are liable for robocalls to reassigned wireless numbers when **the current subscriber** to or customer user of the number has not consented . . . We clarify that the TCPA requires the consent not of the intended recipient of a call, **but of the current subscriber** (or non-subscriber customary user of the phone) and that the caller best practices can facilitate detection of reassignments before calls.
>
> \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
>
> **We find that the 'called party' is the subscriber, *i.e.*, the consumer assigned the telephone number dialed and billed for the call**, or the non-subscriber customary user of a telephone number included in a family or business calling plan.

*In the Matter of Rules and Regulations Implementing the TCPA of 1991,* 30 F.C.C. R. 7961, at *7999-8001 (2015) (emphasis added).

In short, applicable case law and FCC rulings unequivocally establish that Plaintiff has standing to bring her claim under the TCPA.

**2. Defendants present no record establishing they obtained Plaintiff's (the "subscriber"), "prior express invitation or permission" to send her text messages.**

The TCPA, as a remedial statute, certainly protects both "subscribers," and other "persons" who receive calls that violate the TCPA. 47 U.S.C. § 227(c)(1)

(noting the FCC's Do-Not-Call rules should be designed to protect "residential telephone **subscribers**"); 47 U.S.C. § 227(c)(5) ("A **person** who has received more than one telephone call . . . in violation of the regulations prescribed under this subsection . . . .) Consent, however, to call a number on the National Do-Not-Call Registry must be obtained from the "subscriber" in the form of a "signed, written agreement." 47 C.F.R. § 64.1200(c)(2)(ii).[2] There is no contradiction in this proposition. Simply put, a minor can receive the protections under the TCPA on a phone for which his parent is a "subscriber," but a minor cannot not provide "consent" to receive telemarketing calls on behalf of the parent-subscriber to a phone number that is registered on the National Do-Not-Call list.

As discussed above, a "subscriber" must be an "adult." Applicable case law is consistent with the regulation and the FCC's holdings on this point. As one court aptly noted:

> Prior express consent under the TCPA refers to consent of the 'called party,' which means the current subscriber of the cell phone number. But **the subscriber** – here, [plaintiff] – **may authorize another adult to provide the requisite consent** . . . .

*Harrington v. RoundPoint Mortgage Servicing Corp.*, 290 F.Supp.3d 1306, 1317 (M.D. Fla. 2017). Here, Defendants allege a *minor*, not an adult, provided the requisite consent. Again, as a "subscriber" must be an adult, Defendants did not

---

[2] Again, Defendants present no record of "signed, written agreement" agreeing "to be contacted by Defendant" and "which includes the phone number to which the calls may be placed." 47 C.F.R. § 64.1200(c)(2)(ii).

obtain the requisite consent to call Plaintiff. Plaintiff was the "subscriber" of the phone number at issue and registered that number on the Do-Not-Call registry. [Doc. 10, ¶¶ 25, 37]. Defendants point to nothing in the complaint establishing that Plaintiff (the "subscriber") provided Defendants consent to call her phone. Defendants' argument on this point should be denied.

### 3. The TCPA and its applicable regulations, not Texas or California contract law, govern whether Defendants obtained the proper consent to send marketing text messages to Plaintiff.

Ultimately, the TCPA and its applicable regulations dictate whether Defendant obtained the appropriate consent to send Plaintiff text messages. *See generally Hillsborough County, Fla. v. Automated Med. Labs., Inc.*, 471 U.S. 707, 712 (1985). "It is a familiar and well-established principle that the Supremacy Clause . . . invalidates state laws that interfere with, or are contrary to federal law." *Id.* (internal citations and quotations omitted) (citing U.S. Const., Art. VI, cl. 2).[3] The TCPA and its corresponding regulations unambiguously establish that only the "subscriber" i.e., an adult, may provide consent to call a phone number registered on the National Do-Not-Call Registry.

---

[3] Defendant asserts Plaintiff concedes that California law applies. [Doc. 34, p. 14]. Plaintiff raised this issue in the context of Defendants' terms of use. The terms of use state the terms of use are "governed by and construed in accordance with the laws of the State of California." Mythical Society, Terms of Use, https://www.mythicalsociety.com/terms-of-use/ (last visited May 9, 2022). Again, the TCPA and its corresponding regulations control the instant dispute.

None of the cases relied on by Defendant apply because none of the cases are brought under the TCPA. *See Lopez v. Kmart Corp.*, No. 15-cv-01089-JSC, 2015 WL 2062606 (N.D. Cal. May 4, 2015) (alleging defendant failed to provide a minor accurate written wage statements under California labor laws); *C.M.D. v. Facebook, Inc.*, No. 12-1216-RS, 2014 WL 1266291 (N.D. Cal. Mar. 26, 2014) (alleging defendant misappropriated the names and likenesses of minors under various laws); *Eriksson v. Nunnik*, 183 Cal. Rptr.3d 234 (Cal. Ct. App. 2015) (alleging counts for wrongful death and negligent infliction of emotional distress under California law); *I.B. ex rel. Fife v. Facebook, Inc.*, 905 F.Supp.2d 989 (N.D. Cal. 2012) (alleging violation of various California laws and the Electronic Funds Transfer Act); *Coughenour v. Del Taco, LLC*, 271 Cal. Rptr.3d 602 (Cal. Ct. App. 2020) (alleging California wage and sexual harassment claims).

Again, Plaintiff's minor son was not and could not have been the "subscriber" of the phone number at issue. Plaintiff's minor son therefore did not and could not have consented for Plaintiff to receive telemarketing communications on her phone number that was registered on the Do-Not-Call list.

### 4. Even under state law principles, a minor cannot enter into a contract on behalf of an adult.

Defendant does not prevail on its minor-based consent argument even if the Court decides to look beyond the TCPA. While a minor may be able to enter into certain contracts under California or Texas law, Defendant cites to no case that

establishes that a minor can enter into a contract on behalf of an adult parent. Defendant's silence is telling. Applicable case law establishes that a minor cannot enter into a contract on behalf of an adult. Two cases are instructive on this point. *See A.D. v. Credit One Bank, N.A.*, 885 F.3d 1054 (7th Cir. 2018); *S.S. v. Peloton Interactive, Inc.*, --F.Supp.3d--, 2021 WL 4711675 (S.D. Cal. Oct. 7, 2021).

The *Credit One Bank* and *Peloton* cases involved situations in which the defendant companies attempted to compel a minor to arbitrate their disputes based on an agreement between the company and the adult parent. *Credit One Bank, N.A.*, 885 F.3d at 1062-63; *Peloton Interactive, Inc.*, 2021 WL 4711675, at *9. The *Credit One Bank* court refused to compel arbitration because the minor did "not consent to arbitrate with Credit One" as a "party cannot be required to submit to arbitration any dispute which he has not agreed" to arbitrate. *Credit One Bank*, 885 F.3d at 1062. The *Peloton* court relied on *Credit One Bank* and reached the same conclusion. *Peloton Interactive, Inc.*, 2021 WL 4711675, at *9. Similarly, the *Peloton* court held the minor was not bound by the arbitration agreement because the adult parent signed the agreement "on his own behalf, not on behalf of his child." *Id.* at *10.

Just as an adult parent cannot bind their minor child to a contract, the inverse is also true. Here, Defendants allege the minor son provided Defendants the requisite consent to send text messages to Plaintiff's cell phone (which Plaintiff

disputes). Defendants, however, point to no part of the record showing that Plaintiff, the "subscriber" of the phone number, provided her consent to received such text messages. Just as the adult parents in *Credit One Bank* and *Peloton* could not bind their minor children to a contract, Plaintiff's minor son cannot bind Plaintiff (the "subscriber" of the phone number at issue) to receiving text messages from Defendants.

### C. The remedial construction of the TCPA forecloses the possibility of telemarketers obtaining "consent" from minors.

The law is clear. A minor cannot be a "subscriber" or consent on behalf of a subscriber that registers their phone number on the Do-Not-Call registry. However, to the extent there is any uncertainty as to this inquiry, the TCPA, as a remedial statute, should be construed to "benefit consumers." *Meyer v. Bebe Stores, Inc.*, No. 14-cv-00267-YGR, 2015 WL 431148, at *2 (N.D. Cal. Feb. 2, 2015) (internal quotations and citation omitted); *see also Van Patten*, 847 F.3d at 1047 ("the TCPA is a remedial statute" enacted to protect consumers from unwanted calls, which "should be construed in accordance with that purpose").

The parties in *Van Patten* cited competing authority as to whether consent could be revoked and the proper method of revoking consent (if any). The Ninth Circuit cited the remedial purpose of the TCPA and concluded that consent could

be revoked by a consumer and the calling party could not dictate the method by which consent could be revoked.  *See Van Patten,* 847 F.3d 1037, 1048.

To the extent the Court believes there is uncertainty as to the question of whether a minor can consent on behalf of a "subscriber" to receive telemarketing calls, such ambiguity should be addressed to favor the privacy rights of consumers, parents and children, rather than the commercial interests of telemarketers.

### D.     Plaintiff states a claim for relief under the TBCC.

Plaintiff's complaint also states a claim under the TBCC.  The elements of Plaintiff's claim brought under the TBCC are: 1) a "seller" or "salesperson" makes a "telephone solicitation" to a "purchaser" located in Texas; and 2) the "seller" does not hold a registration certificate from the State of Texas to place such telephone solicitations.[4] *See* TEX. BUS. & COMM. CODE. ANN. §§ 302.101, 302.302; *see generally Thompson v. Dealer Renewal Servs*., 2021 WL 5416605, at *2 n. 3 (N.D. Tex. Nov. 18, 2021).  The term "telephone solicitation" means a "telephone call a seller or salesperson initiates to induce a person to purchase, rent, claim or receive an item." TEX. BUS. & COMM. CODE. ANN. § 302.001(7).

Section 302.303(a) provides "a violation of this chapter is a false, misleading or deceptive act or practice under Subchapter E."  TEX. BUS. & COM. CODE ANN. §

---

[4] A "seller" is a "person who makes a telephone solicitation on the person's own behalf." A "salesperson" is a person who is employed or authorized by a seller to make a telephone solicitation." A "purchaser" is a person who is "offered an opportunity to claim or receive an item." TEX. BUS. & COMM. CODE. ANN. § 302.001(3)-(5).

302.003. The section further provides that "this chapter shall be liberally construed and applied to promote its underlying purpose to protect persons against false, misleading or deceptive practices in the telephone solicitation business." *Id*. Moreover, The Texas Business and Commerce Code § 302.303 provides that a "public or private right or remedy prescribed by Subchapter E, Chapter 17, may be used to enforce [Chapter 302]." *Id.*

As reflected in Exhibit "B" to the Amended Complaint, Defendants' own data reflects they noted Plaintiff's son was not only 13-years-old at the time of the "consent" but a resident of Texas - a state in which Defendants failed to register as a telephone solicitor. [Doc. No. 11-1; Doc. No. 10, ¶ 84]. By knowingly making calls to Texas, Defendants were "telephone solicitors" as defined by the TBCC. By failing to register as same, the Defendants violated that statute.

Defendants, relying solely on an exhibit attached to a declaration from counsel, contend they are exempt from this requirement because they have operated a retail establishment for more than two years. [Doc. 34, p. 16 (citing TEX. BUS. & COM. CODE ANN. § 302.059(2))]. For this exemption to apply, Defendant bear the burden of establishing that a "majority" of their business "involves obtaining services or products at [its] retail establishments." TEX. BUS. & COM. CODE ANN. § 302.059(2); TEX. BUS. & COM. CODE ANN. § 302.051(a) (the business claiming an exemption bears the burden proving the exemption applies).

Defendants, however, fail to present any evidence that the *majority* of their business involves buyers obtaining services at its retail establishments. [Doc. No. 34-1]. Rather, the screenshot exhibit makes no reference to the amount of business conducted at retail establishments. As Defendant fails to satisfy burden of establishing its affirmative defense, Defendants' argument based on the "exemption" under Section 302.059 fails.

Finally, Defendants contend that Section 301.051 insulates them from liability because "the Texas statute 'does not apply to a consumer telephone call made in response to the express request of the consumer.'" [Doc. 34, p. 17 (citing TEX. BUS. & COM. CODE ANN. § 301.051)]. Plaintiff, however, brings her claim under Section 302. Section 301.051 specifically states that "**this section** does not apply to . . ." TEX. BUS. & COM. CODE ANN. § 301.051(a). As Plaintiff does not invoke Section 301.051, this section does not apply to Plaintiff's TBCC claim brought under Section 302.

## V. CONCLUSION

For the reasons stated in this brief, the Court should deny Defendants' Motion to Dismiss.

Dated: May 9, 2022

*/s/ Craig T. Kimmel*

*/s/ Jacob U. Ginsburg*

Craig T. Kimmel (pro hac vice)
Jacob U. Ginsburg (pro hac vice)
30 E. Butler Ave.
Ambler, Pennsylvania 19002
Phone: 215-540-8888 x 104
kimmel@creditlaw.com
jginsburg@creditlaw.com
teamkimmel@creditlaw.com

Joseph D. Steward, III (337385)
1055 West 7th Street, 33rd Floor
Los Angeles, California 90017
Phone: 215-540-8888 x 134
jsteward@creditlaw.com

BUTSCH ROBERTS & ASSOCIATES LLC

*/s/ Christopher E. Roberts*

Christopher E. Roberts, Esq. (pro hac vice)
231 S. Bemiston Avenue, Suite 260
Clayton, Missouri 63105
Phone: 314-863-5700
CRoberts@butschroberts.com

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 9, 2022, a copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

/s/ Christopher E. Roberts