1  Jordan Susman, Esq. (SBN 246116)
   jsusman@nolanheimann.com
2  Margo Arnold, Esq. (SBN 278288)
3  marnold@nolanheimann.com
   NOLAN HEIMANN LLP
4  16000 Ventura Boulevard, Suite 1200
5  Encino, California 91436
   Telephone: (818) 574-5710
6  Facsimile: (818) 574-5689

7

8  Attorneys for Defendants
   Smosh Dot Com, Inc. d/b/a Smosh,
9  and Mythical Entertainment, LLC

10

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KRISTEN HALL, *on behalf of herself* and *all others similarly situated* | Case No.: 2:21-cv-01997-JAM-AC |
| Plaintiff, | **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** |
| vs. | |
| SMOSH DOT COM, INC. d/b/a SMOSH, and MYTHICAL ENTERTAINMENT, LLC, | |
| Defendants. | Date: June 28, 2022<br>Time: 1:30 p.m.<br>Courtroom: 6 |

-1-

## I. INTRODUCTION

Plaintiff will say anything to rescue her meritless claims from dismissal.

This action began with Plaintiff alleging that Defendants received her teenage son's information from an unknown source and began sending unwanted marketing text messages.

After Defendants filed their initial motion to dismiss, putting into the record that Plaintiff's teenage son provided Defendants written consent to send marketing text messages to 575- XXX-0669 (the "Number"), Plaintiff changed course and began alleging that her teenage son lacked the capacity as a minor to consent to receive text messages.

Now in her Opposition, after realizing that minors **can** legally consent to contracts under both Texas and California law, Plaintiff has pivoted yet again and alleges that only an adult telephone subscriber (i.e. the one whose name is on the bills) can consent under the TCPA.

Trying to change her allegations through an Opposition amounts to gaslighting, does not change the facts or allegations in the FAC, and cannot save Plaintiff's claims from dismissal.

Plaintiff's new allegations, like those that have come before, fail to plead a claim upon which relief can be granted under the TCPA or the TBCC.

As an initial matter, the TCPA does not limit consent to adult telephone subscribers. **In a case affirmed by the Ninth Circuit Court of Appeals, this very Court instructed the jury that a minor could give consent under the TCPA**. *N. L. by Lemos v. Credit One Bank, N.A.*, 960 F.3d 1164, 1167 (9th Cir. 2020) (affirming jury verdict in case number 2:17-cv-01512-JAM-DB).

Second, Plaintiff's TBCC claim fails as a matter of law because the statute does not apply to text messages, and Plaintiff has proffered no arguments to the contrary, thereby conceding the point. *See Shorter v. Los Angeles Unified Sch. Dist.*,

-1-
DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS

No. CV 13-3198 ABC AJW, 2013 WL 6331204, at *5 (C.D. Cal. Dec. 4, 2013) ("[W]hen a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.") (quoting *Hopkins v. Women's Div., Gen. Bd. of Global Ministries*, 238 F. Supp. 2d 174, 178 (D. D.C. 2002).

Finally, even if the TBCC statute applied to text messages, it does not apply retail businesses or messages sent to current or former customers—which is exactly what Plaintiff alleges in the FAC.

This meritless lawsuit has gone on long enough. Defendants are not invasive telemarketers who send unsolicited messages to anyone, much less Plaintiff. Indeed, Defendants properly obtained express consent from Plaintiff's teenage son, the user of the Number, before sending any text messages. Accordingly, Defendants request that this Motion be granted. And because Plaintiff has failed to explain how she could cure the FAC if Defendants' Motion is granted, this Court should grant this Motion with prejudice.

## II.     PLAINTIFF DOES NOT HAVE STANDING

This lawsuit should be dismissed on the standing issue alone.  Plaintiff has not pleaded that she was the user of the Number or that she actually received any messages from Defendants.

Plaintiff argues that she has established standing because "(1) she received text messages to her cell phone number which was registered on the Do-Not-Call list; and (2) that the messages invaded her right to be left alone." (Opp., Dkt. 37 at 14:17-10).  **But that is not what Plaintiff alleged in the FAC**.

In the FAC, Plaintiff did not allege that she was the actual recipient of the messages. Nor did Plaintiff allege that she was using the phone when the messages

-2-

were received or that she viewed the messages. Instead, Plaintiff alleged, "Defendant sent at least 5 text messages from the apparent phone number of (310) 299-9555 to 575-XXX-0669. . . . As the subscriber and owner of that cell phone, Plaintiff found those solicitation messages to be irritating, exploitative and invasive." (FAC, Dkt. 10, ¶¶ 34, 37).

Notwithstanding Plaintiff's attempts to rewrite her earlier pleadings, the FAC very clearly alleges that Plaintiff's son was the "user" of the Number. (FAC, Dkt. 10, ¶ 26). And this allegation is bolstered by the pre-litigation email communication from Plaintiff's attorney admitting that Plaintiff gave her son the cell phone for the purpose of maintaining contact with her and her son's father. (Dkt. 34-3, p.2 ("She gave him a cell phone for E*** to stay in contact with her and his father only.").

Plaintiff does not allege that ever used the Number—especially as her primary residential phone number. Quite the contrary. The facts as alleged show the Number was not used as Plaintiff's primary residential number, because it was used by her son.

Plaintiff does not have standing, and this case should be dismissed.

### III. PLAINTIFF'S TCPA CLAIM FAILS AS A MATTER OF LAW

As a matter of law, Plaintiff's TCPA claim must be dismissed if Defendants received consent to send communications to the Number. 47 U.S.C. § 227(b)(1)(A)(iii).

Plaintiff's arguments that the TCPA only permits the "telephone subscriber" to consent to text message communications and that a "telephone subscriber" can only be an adult are both incorrect. More egregiously, these arguments are contradicted by the very sources cited by Plaintiff in her Opposition.

A. **The TCPA Does Not Define A "Telephone Subscriber" As An Adult**

Plaintiff cites 47 C.F.R. § 64.1100(h) for the proposition that a "telephone subscriber" must be an "adult person." (Opp., Dkt. 37 at 9:2-3). This is both false and irrelevant.

It is irrelevant because 47 C.F.R. § 64.1100 does not apply to the TCPA. 47 C.F.R. § 64.1100 provides the definitions for 47 C.F.R. Subpart K - Changes in Preferred Telecommunications Service Providers. Whereas the TCPA is found in 47 C.F.R. Subpart L - Restrictions on Telemarketing, Telephone Solicitation, and Facsimile Advertising. Consequently, the two cases cited by Plaintiff, *In re Excel Telecomms., Inc.*, 18 F.C.C.R. 2828 (2003) and *In the Matter of AT&T Corp.*, 21 F.C.C.R. 12709 (2006), are inapposite, because both concerned Subpart K claims regarding changes to plaintiffs' service provider and not TCPA claims.

Plaintiff's argument is also false because, "[t]he term 'residential telephone subscriber' is not defined by the TCPA." *Miholich v. Senior Life Ins. Co.*, No. 21-CV-1123-WQH-AGS, 2022 WL 410945, at *4 (S.D. Cal. Feb. 10, 2022) (cited by Plaintiff). However, in a case affirmed by the Ninth Circuit Court of Appeals, **this very Court held that a minor may provide consent** and instructed the jury in a TCPA case: "The law requires the consent of the current subscriber of the called phone, in this case [minor Plaintiff's mother], or the consent of the nonsubscriber, customary user of the called phone, in this case, [N.L.] [a minor]." *N. L. by Lemos*, 960 F.3d at 1167 (9th Cir. 2020) (quoting the Court's jury instruction in in case number 2:17-cv-01512-JAM-DB).

This is consistent with 47 U.S.C. § 227(c)(5), which promulgated 47 C.F.R. § 64.1200(c)(2), and expressly provides that the TCPA applies to *"**A person** who has received more than one telephone call within any 12-month period . . ."* (emph.

-4-

added).

It is only logical that the TCPA applies to any person, and not specifically adult persons, because the TCPA's intent is to protect persons from unwanted telephone communications. *See Gager v. Dell Fin. Servs.*, LLC, 727 F.3d 265, 268 (3d Cir. 2013) ("Congress passed the TCPA to protect individual consumers from receiving intrusive and unwanted calls.").

### B.     **TCPA Consent Can Be Given By Persons Other Than The Subscriber**

Plaintiff argues, "The TCPA and its corresponding regulations unambiguously establish that only the 'subscriber' i.e., an adult, may provide consent to call a phone number registered on the National Do-Not-Call Registry." (Dkt. 37, Opp. 17:18-20). Plaintiff is wrong.

As stated above, the Ninth Circuit Court of Appeals affirmed this Court's instruction that the subscriber or customary user of the called phone, **including minors**, can provide such consent. *N. L. by Lemos*, 960 F.3d at 1167. This is consistent with FCC rulings, including *In the Matter of Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 30 F.C.C. Rcd. 7961 (2015), cited by Plaintiff, in which the FCC held: "the TCPA states that a caller must have the prior express consent of the called party." The FCC defined a "called party" as "the subscriber . . **. or the non-subscriber customary user of a telephone number** included in a family or business calling plan." *Id.* (emphasis added). Both "can give prior express consent to be called at that number." *Id.*

The FCC explained why TCPA consent may be given by someone other than the subscriber:

> We find it reasonable to include in our interpretation of "called party" individuals who might not be the subscriber, but who, due to their relationship to the subscriber, are the number's customary user and can

-5-

provide prior express consent for the call. In construing the term "prior express consent" in section 227(b)(1)(A), we consider the caller's reasonableness in relying on consent. The record indicates that it is reasonable for callers to rely on customary users, such as a close relative on a subscriber's family calling plan or an employee on a company's business calling plan, because the subscriber will generally have allowed such customary users to control the calling to and from a particular number under the plan, including granting consent to receive robocalls. The caller in this situation cannot reasonably be expected to divine that the consenting person is not the subscriber or to then contact the subscriber to receive additional consent. To require callers to ignore consent received from customary users in this context would undermine the full benefits of these calling plans for such users and place additional unwanted burdens on the actual subscribers.

Plaintiff may be the subscriber, but her son is the only identified user of the phone identified in the FAC. (FAC, Dkt. 10, ¶ 26). And in pre-litigation communications, Plaintiff admitted that she gave the Number to her son so he could stay in contact with his parents. (Motion, Dkt. 34-3, p.2 ("She gave him a cell phone for E*** to stay in contact with her and his father only.")). In fact, there is no allegation that Plaintiff ever used the phone.

Plaintiff's teenage son, as the customary user of the Number, gave Defendants consent to send text messages to the Number. Consequently, Defendants did not violate the TCPA when they sent text messages to the Number.

### C. **Plaintiff's Do Not Dispute That Plaintiff's Teenage Son Could Legally Enter Into Contracts**

Plaintiff's Opposition does not refute, and therefore concedes, that Plaintiff's teenage son was legally entitled under both California and Texas law to enter into contracts. *See Shorter*, 2013 WL 6331204, at *5. Accordingly, Plaintiff's teenage son's consent to receive messages was valid, and Plaintiff's TCPA claims fails as a matter of law.

### D. The Remedial Construction of the TCPA Does Not Supersede Clear Contract Law

In a desperate attempt to rescue her claims and create "ambiguity," Plaintiff argues that a minor cannot give consent under the TCPA because it is a remedial statute. (Opp. 20:8-21:7). Plaintiff is grasping at straws, because a minor can give consent under the TCPA, as this Court already held. Moreover, the purpose of the TCPA is to prevent **unwanted** communications—not to prevent communications a person wants to receive, as is the case here.

## IV.  PLAINTIFF'S TBCC CLAIM FAILS AS A MATTER OF LAW

### A. Plaintiff Concedes That The TBCC Does Not Apply to Text Messages

Plaintiff alleges in the FAC, and reaffirms in her Opposition, that all communications consisted of a handful of text messages only (that her son opted-in to) and no actual telephone calls or other communications. Plaintiff's Opposition does not dispute, and thus concedes, that TBCC § 302.101, *et seq*. does not apply to text message communications. *Shorter*, 2013 WL 6331204, at *5.

To be clear: TBCC § 302.001(7) defines a "telephone solicitation" as "a telephone call." There are no references in the statute to text messages, and courts have repeatedly held that "[i]f there is no ambiguity in the language, we presume the Legislature meant what it said, and the plain meaning of the statute governs." *Hunt v. Superior Ct*., 21 Cal. 4th 984 (1999). Because the plain language of TBCC § 302.001(7) defines a "telephone solicitation" as "a telephone call," the TBCC § 302.101, *et seq*. cannot be applied to text messages, and Plaintiff's TBCC claim should be dismissed on this basis alone.

### B. Plaintiff's Arguments That Defendants Do Not Fall Within Exceptions to the TBCC are Contradicted by Plaintiff's Own Allegations

Even if the TBCC applied to text messages, which it does not, Plaintiff already alleged in the FAC that Defendants fall within the statutory exceptions.

First, in the Opposition, Plaintiff argues that it is unclear if the majority of Smosh's business "involves buyers obtaining services or products at the retail establishment" as required under the § 302.059 exemption. (Dkt. 37 Opp. 23:1-2). This argument is contradicted by Plaintiff's allegations in the FAC, including *inter alia*:

- "Defendant 'Smosh' (owned and operated by Defendant Mythical) is an online retailer geared toward teenagers." (Opp. ¶ 6):
- "Defendant Smosh.com is an online entertainment and merchandise company geared toward adolescents." (Opp. 12).

By operating an online store (as alleged by Plaintiff) Defendants satisfy the § 302.059 exemption.

Second, Plaintiff ignores the TBCC § 302.58 exemption for businesses "who solicit business from former or current customers." Section § 302.58 states that "This chapter does not apply to: a person who: (A) is soliciting business from a former or current customer; and (B) has operated under the same business name for at least two years."  Plaintiff's Opposition does not dispute that Smosh has operated its online retail establishment since at least January 1, 2016—more than two years before the first text message was purportedly sent to the Number.  Nor does the Opposition dispute that Plaintiff's teenage son requested to receive text messages from Smosh.

Plaintiff's TBCC claim should be dismissed because as a matter of law TBCC

-8-

§ 302.101, *et seq*. does not apply to text messages, and even if it did, Defendants fall within two exemptions.

To be clear – this is not an affirmative defense whereby the Plaintiff has pled all the requisite elements of her claim but Defendants have a viable defense for their actions. This is a crucial element of the Plaintiff's claim to verify that the statute upon which her entire claim arises even applies to the present case. Her own allegations and representations in the FAC and Opposition clearly show that the facts, as she herself alleges, cannot satisfy this basic element. Without her ability to establish the same, this action is subject to dismissal from the outset.

## V.   CONCLUSION

For the foregoing reasons, the Court should grant Defendants' Motion to Dismiss with prejudice.

Dated: May 17, 2022                                 NOLAN HEIMANN LLP

By: _____
Jordan Susman
Attorneys for Defendants
Smosh Dot Com, Inc. d/b/a Smosh,
and Mythical Entertainment, LLC