|  |  |
|---|---|
| KRISTEN HALL, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SMOSH DOT COM, INC., d/b/a SMOSH, and MYTHICAL ENTERTAINMENT, LLC,<br><br>　　　　Defendants. | No.  2:21-cv-01997-JAM-AC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

I.  BACKGROUND

Kristen Hall ("Plaintiff") brings this putative class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. Section 227, *et seq*.  First Am. Compl. ("FAC"), ECF No. 10. Defendants are Smosh Dot Com, Inc. ("Smosh"), an online entertainment and merchandise company, and Mythical Entertainment, LLC. ( collectively "Defendants"), Smosh's parent company.  Id. ¶¶ 12-15.  Plaintiff alleges Defendants sent at least five text messages soliciting Smosh merchandise to the phone number used by her minor son.  Id. ¶¶ 26, 31-35.  In

1

1  response, she filed this lawsuit.  Compl., ECF No. 1.  She
2  asserts claims against Defendants for violations of the TCPA and
3  Section 302.101 of the Texas Business and Commerce Code.  FAC at
4  2.

5     Before the Court is Defendants' motion to dismiss.[1]  Mot. to
6  Dismiss ("Mot."), ECF No. 34.  Plaintiff opposed the motion.
7  Opp'n, ECF No. 37.  Defendants replied.  Reply, ECF No. 38.  With
8  the Court's permission, see ECF No. 40, Plaintiff filed a sur-
9  reply.  Sur-Reply, ECF No. 41.  After careful consideration of
10 the parties' briefing and relevant legal authority, the Court
11 grants Defendants' motion.

13                        II.   OPINION
14    A.   Legal Standard
15     A defendant may move to dismiss for lack of subject matter
16 jurisdiction pursuant to Federal Rule of Civil Procedure
17 12(b)(1).  Fed. R. Civ. P. 12(b)(1).  If the plaintiff lacks
18 standing under Article III of the United States Constitution,
19 then the court lacks subject-matter jurisdiction, and the case
20 must be dismissed.  See Maya v. Centex Corp., 658 F.3d 1060,
21 1067 (9th Cir. 2011).  To establish standing, a plaintiff must
22 "have (1) suffered an injury in fact, (2) that is fairly
23 traceable to the challenged conduct of the defendant, and
24 (3) that is likely to be redressed by a favorable judicial
25 decision."  Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016).
26 Once a party has moved to dismiss for lack of subject-matter

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for June 28, 2022.

2

1 | jurisdiction under Rule 12(b)(1), the opposing party bears the
2 | burden of establishing the court's jurisdiction. See Kokkonen
3 | v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).
4 |     B.   Analysis
5 |    "The TCPA establishes the substantive right to be free from
6 | certain types of phone calls and texts absent consumer consent."
7 | Van Patten v. Vertical Fitness Grp., LLC, 847 F.3d 1037, 1043
8 | (9th Cir. 2017) (internal citations omitted). Because
9 | "unsolicited telemarketing phone calls or text messages, by
10 | their nature, invade the privacy and disturb the solitude of
11 | their recipients," receipt of such messages constitutes a
12 | "concrete injury in fact sufficient to confer Article III
13 | standing." Id.
14 |    Defendants move to dismiss for lack of standing. Mot. at
15 | 4-5. Specifically, Defendants argue Plaintiff does not have
16 | standing because she did not plead she was the actual user of
17 | the phone number to which Defendants sent the text messages nor
18 | the actual recipient of those messages. Id.; Reply at 2-3. Her
19 | son was. Id.
20 |    Plaintiff insists she does have standing because "(1) she
21 | received text messages to her cell phone number which was
22 | registered on the Do-Not-Call list; and (2) the messages invaded
23 | her right to be left alone." Opp'n at 14 (citing to FAC ¶¶ 28,
24 | 34, 37). She downplays her son's use of the number by citing to
25 | the allegations that her minor son only used the phone "at times"
26 | and that she registered the number on the Do-Not-Call list to
27 | protect her son from advertisers. Id. at 15 (citing to FAC
28 | ¶¶ 26, 29). But as Defendants argue, Plaintiff's attempts to

3

1  rewrite the FAC in her opposition brief are improper.  Reply at
2  2-3.  The FAC clearly indicates Plaintiff's son was the phone
3  user and the recipient of the messages.  See FAC ¶¶ 26, 31-34.
4  Plaintiff's new contention – that actually she received the text
5  messages - fails because a complaint cannot be amended through an
6  opposition to a motion to dismiss.  See Schneider v. Cal. Dep't
7  of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  Plaintiff did
8  not plead she received any of Defendants' text messages.  She
9  pled only that she was "the subscriber and owner of the phone."
10 FAC ¶ 37.
11      Plaintiff also does not bring forward any binding authority
12 supporting the proposition that she has standing merely as the
13 subscriber/owner of the phone.  See Opp'n at 14-15.  First,
14 Plaintiff cites to a FCC Decision, In the Matter of Rules and
15 Regulations Implementing the TCPA of 1991, 30 F.C.C.R. 7961
16 (2015).  Id. at 15.  Then she cites to Miholich v. Senior Life
17 Ins. Co., Case No. 21-cv-1123-WQH-AGS, 2022 WL 410945 (S.D. Cal.
18 Feb. 10, 2022), which is readily distinguishable.  Id. at 14.
19 The first standing issue in Miholich was whether Plaintiff's
20 telephone was used for business and thus fell outside the
21 protection of the do-not-call provisions of the TCPA, which only
22 protect residential telephone subscribers not businesses.  2022
23 WL 410945, at *3.  Here, that issue is not present because it is
24 undisputed the phone number was residential.  See FAC ¶ 27.  The
25 other standing issue in Miholich was whether plaintiff
26 sufficiently pled that defendant sent the TCPA-violative messages
27 or that defendant had a relationship with a third-party sender of
28 the messages, such that plaintiff's injury was fairly traceable

4

to defendant's conduct or redressable by defendant.  2022 WL 410945, at *4.  Again, that issue is not present here.  In sum, Miholich does not support Plaintiff's argument that she has standing merely by owning the phone.

Further, Plaintiff does not address Agne v. Papa John's Int'l, Inc., 286 F.R.D. 559, 565 (W.D. Wash. 2012), the case Defendants cite in their motion in support of their argument "it is the actual user of the number that the TCPA is intended to protect."  See Mot. at 5; see also Opp'n.  Nor does Plaintiff address Breslow v. Wells Fargo Bank, N.A., 857 F.Supp.2d 1316, 1321 (S.D. Fla. 2012), relied on by Defendants to support their position that the "'called party' language of the TCPA means the actual recipient of the calls or texts and not the owner."  See Mot. at 4; see also Opp'n.  "Failure to oppose an argument raised in a motion to dismiss constitutes waiver of that argument."  Resnick v. Hyundai Motor America, Inc., Case No. CV 16-00593-BRO (PJWx), 2017 WL 1531192, at *22, (C.D. Cal. Apr. 13, 2017).

For all of these reasons, the Court finds that Plaintiff has not carried her burden to show she has standing.  See Kokkonen, 511 U.S. at 377.  Defendants' motion to dismiss is therefore granted.  Because the Court dismisses for lack of standing, the Court does not reach the parties' additional 12(b)(6) arguments. See Mot. at 7-11; see also Opp'n at 6-13.

C. Sanctions

A violation of the Court's standing order requires the offending counsel, not the client, to pay $50.00 per page over the page limit to the Clerk of Court.  Order re Filing Requirements at 1, ECF No. 5-2.  Moreover, the Court did not

consider arguments made past the page limit. Id.

Plaintiff's opposition exceeds the Court's page limit by 8 pages. See Opp'n. Plaintiff's counsel must therefore send a check payable to the Clerk for the Eastern District of California for $400.00 no later than seven days from the date of this Order.

Defendants' reply exceeds the Court's page limit by 3.5 pages. See Reply. Defendants' counsel must therefore send a check payable to the Clerk for the Eastern District of California for $175.00 no later than seven days from the date of this Order.

### III.  ORDER

For the reasons set forth above, the Court GRANTS Defendants' motion to dismiss.

IT IS SO ORDERED.

Dated: July 11, 2022

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE