**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| KRISTEN HALL, | No. 22-16216 |
| *Plaintiff-Appellant*, | D.C. No. |
| v. | 2:21-cv-01997-JAM-AC |
| SMOSH DOT COM, INC., DBA Smosh; MYTHICAL ENTERTAINMENT, LLC, | OPINION |
| *Defendants-Appellees*. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted May 10, 2023
San Francisco, California

Filed June 30, 2023

Before: Michelle T. Friedland and Mark J. Bennett, Circuit Judges, and Richard D. Bennett,[*] Senior District Judge.

Opinion by Judge R. Bennett

---

[*] The Honorable Richard D. Bennett, United States Senior District Judge for the District of Maryland, sitting by designation.

## SUMMARY[**]

### Telephone Consumer Protection Act / Standing

The panel reversed the district court's dismissal, for lack of Article III standing, of an action under the Telephone Consumer Protection Act and remanded for further proceedings.

Plaintiff Kristen Hall alleged that defendants sent text messages to a cell phone number that she had placed on the National Do-Not-Call Registry and provided to her thirteen-year-old son. The district court concluded that Hall lacked Article III standing because she failed to allege that she was the "actual user" of the phone or the "actual recipient" of the text messages.

Reversing, the panel held that the owner and subscriber of a phone with a number listed on the Do-Not-Call Registry has suffered an injury in fact sufficient to confer Article III standing when unsolicited telemarketing calls or texts are sent to the number in alleged violation of the Telephone Consumer Protection Act. The panel held that the owner and subscriber of the phone suffers a concrete, *de facto* injury when their right to be free from such communications is violated, even if the communications are intended for or solicited by another individual, and even if someone else is using the phone at the time the messages are transmitted.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Jacob U. Ginsburg (argued), Kimmel & Silverman P.C., Ambler, Pennsylvania; Christopher E. Roberts, Butsch Roberts & Associates LLC, Clayton, Missouri; for Plaintiff-Appellant.

Jordan Susman (argued) and Margo Arnold, Nolan Heimann LLP, Encino, California, for Defendants-Appellees.

**OPINION**

R. BENNETT, Senior District Judge:

Plaintiff-Appellant Kristen Hall alleges that Defendants-Appellees Smosh Dot Com and Mythical Entertainment, LLC (collectively, "Defendants"), sent five text messages to a cell phone number that she had placed on the National Do-Not-Call Registry and provided to her thirteen-year-old son.[1] Hall filed a putative class action lawsuit alleging violations of § 227(c) of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227 *et seq.*, and other claims that are not at issue in this appeal. The district court dismissed the First Amended Complaint ("FAC") for lack of

---

[1] Defendants claim Hall's son solicited the text messages at issue here, by opting-in to receive automated promotional messages through a webform. As discussed below, prior express consent is relevant to the merits of a TCPA claim, not to Article III standing. Accordingly, we hold that even if Hall's son solicited messages from the Defendants, Hall has standing to litigate her TCPA claim as the subscriber and owner of the phone that received the messages. Whether he in fact solicited the messages, and whether his consent would be legally sufficient under the TCPA, are inquiries reserved for the merits.

Article III standing, reasoning that Hall failed to allege she was the "actual user" of the phone or the "actual recipient" of the five text messages at issue. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand.

We have held that the receipt of unsolicited phone calls or text messages in violation of the TCPA is "a concrete injury in fact sufficient to confer Article III standing." *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017); *see also Wakefield v. ViSalus, Inc.*, 51 F.4th 1109, 1117–18 (9th Cir. 2022); *Chennette v. Porch.com, Inc.*, 50 F.4th 1217, 1222 (9th Cir. 2022). That is because "[u]nsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients." *Van Patten*, 847 F.3d at 1043. However, Article III requires a plaintiff to assert her own legal rights, and to count herself among the injured. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 563 (1992). This case presents the question whether the owner and subscriber of a phone with a number listed on the Do-Not-Call Registry, who may not be the phone's primary user, suffers an injury in fact when the phone receives unsolicited text messages.

We now hold that the owner and subscriber of a phone with a number listed on the Do-Not-Call Registry has suffered an injury in fact when unsolicited telemarketing calls or texts are sent to the number in putative violation of the TCPA. In instructing the Federal Communications Commission ("FCC") to adopt a National Do-Not-Call Registry, Congress granted residential phone subscribers the right to create a private line, free from unsolicited calls and intrusive texts. *See* 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2); *see also Van Patten*, 847 F.3d at 1043 ("The TCPA establishes the substantive right to be free from certain types of phone calls and texts absent consumer

consent."). The owner and subscriber of the phone suffers a concrete, *de facto* injury when their right to be free from such communications is violated—even if the communications are intended for or solicited by another individual, and even if someone else is using the phone at the time the messages are transmitted.**²** As Hall alleges that she was the owner and subscriber of a cell phone number on the Do-Not-Call Registry that received unsolicited text messages in violation of the TCPA, she has stated an injury in fact sufficient to satisfy Article III.

## BACKGROUND

Defendants have been digital content creators for more than sixteen years.**³** Defendants produce "sketch comedy" videos and sell merchandise for an adolescent audience. Since 2016, they have operated a website with an online store that markets retail apparel and accessories related to their digital content. Hall alleges that Defendants "derive substantial profits from collecting, selling and transmitting consumer data," and that they "engage in 'direct' telemarketing via text message and calls to phone numbers entered in the website smosh.com."

At the time of all events relevant to this case, Plaintiff Kristen Hall was a resident of Willis, Texas, along with her thirteen-year-old son. Hall alleges that she owned "a cellular

---

² We do not decide whether a subscriber would have Article III standing to litigate a TCPA violation if they *authorized* a third-party user to provide consent. There is no allegation here that Hall authorized her son to opt-in to receive messages from Defendants.

³ Specifically, Smosh is "an online entertainment and merchandise company geared toward adolescents," and "Mythical is the parent company, which owns and operates Smosh.com." Plaintiff alleges that at all relevant times, "the two businesses worked together in concert."

phone, the number for which was 575-XXX-0669," and which was used primarily for residential purposes. She also alleges that she allowed her son to use this phone "at times,"[4] and that she placed its number on the National Do-Not-Call Registry "to obtain solitude from invasive and irritating solicitation calls and to protect her minor son from being inundated with advertisers and data-miners."

According to the FAC, Defendants obtained personal information from Hall's son on or around November 3, 2019. Thereafter, between December 25, 2019, and June 29, 2020, Defendants sent at least five text messages to Hall's number soliciting business and offering discounts on Smosh merchandise. Hall contends that she "found those solicitation messages to be irritating, exploitative and invasive," and that they "were precisely the type of communications she sought to avoid when she registered her number on the Do Not Call [R]egistry." In pre-suit communications between the parties' attorneys, Defendants claimed that Hall's son had "opted in" to receive these communications on November 3, 2019.

Hall filed the operative FAC on December 28, 2021. Among other claims, the FAC alleged that Defendants violated § 227(c) of the TCPA and its implementing regulations by sending text messages to numbers listed on the National Do-Not-Call Registry. Defendants moved to dismiss the FAC for failure to state a claim, and for lack of standing. As relevant to the standing issue, Defendants

---

[4] The extent of Hall's son's use of this phone is contested by the parties. However, because we hold that Hall has standing as the subscriber of the cell phone that received unsolicited messages in alleged violation of the TCPA, it is unnecessary to address Defendants' contentions regarding which individual was the primary user of the phone.

argued that Hall lacks Article III standing because she "has not pleaded that she was the user of the Number or that she actually received any messages from Defendants." The district court granted Defendants' motion on July 12, 2022, rejecting the proposition that Hall has Article III standing "merely as the subscriber/owner of the phone." Because the district court concluded that Hall lacked standing, it did not reach any merits issues, including whether Hall properly stated a claim under Fed. R. Civ. P. 12(b)(6).

This appeal followed.

## STANDARD OF REVIEW

"'We review *de novo* dismissal for lack of subject matter jurisdiction.'" *Mecinas v. Hobbs*, 30 F.4th 890, 895 (9th Cir. 2022) (quoting *Zuress v. Donley*, 606 F.3d 1249, 1252 (9th Cir. 2010)). Standing must be established "'with the manner and degree of evidence required at the successive stages of the litigation.'" *Id.* at 896–97 (quoting *Lujan*, 504 U.S. at 561). "When 'deciding standing at the pleading stage, and for purposes of ruling on a motion to dismiss for want of standing, both the trial and reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party.'" *Id.* at 895–96 (quoting *Desert Citizens Against Pollution v. Bisson*, 231 F.3d 1172, 1178 (9th Cir. 2000)).

## ANALYSIS

The sole issue before us is whether Hall has Article III standing to bring claims under the TCPA. Article III of the United States Constitution limits the jurisdiction of the federal courts to "Cases" and "Controversies." U.S. Const. art. III, § 2. The concept of standing gives meaning to these constraints by identifying "disputes which are appropriately

resolved through the judicial process," *Lujan*, 504 U.S. at 560 (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)), and limiting "the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong," *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). The "'irreducible constitutional minimum'" of Article III standing requires a plaintiff to "have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* (quoting *Lujan*, 504 U.S. at 560–61). Here, the only element of standing in dispute is whether Hall has suffered an injury in fact.

We have previously held that the receipt of "[u]nsolicited telemarketing phone calls or text messages" in violation of the TCPA is "a concrete injury in fact sufficient to confer Article III standing." *Van Patten*, 847 F.3d at 1043; *see also Chennette*, 50 F.4th at 1222; *Wakefield*, 51 F.4th at 1117–18. In *Van Patten*, we explained that "[t]he TCPA establishes the substantive right to be free from certain types of phone calls and texts absent consumer consent." 847 F.3d at 1043. Through its enactment, "Congress sought to protect consumers from the unwanted intrusion and nuisance of unsolicited telemarketing," and "identified unsolicited contact as a concrete harm." *Id.* That harm is sufficient to confer standing under Article III, as "[u]nsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients." *Id.* Accordingly, "a violation of the TCPA is a concrete, *de facto* injury," and "[a] plaintiff alleging a violation under the TCPA 'need not allege any *additional* harm beyond the one Congress has identified.'" *Id.* (quoting *Spokeo*, 578 U.S. at 342); *accord Wakefield*, 51 F.4th at

1117–18 ("[T]he receipt of telephone calls in alleged violation of the TCPA is a concrete injury for Article III purposes.").[5]

Hall alleges that she was the owner and subscriber of the cell phone at issue, that she listed its number on the Do-Not-Call Registry "to obtain solitude from invasive and irritating solicitation calls," and that Defendants sent five text messages to that number in a seven-month period. That is a cognizable injury under *Van Patten*. However, "the 'injury in fact' test requires more than an injury to a cognizable interest. It requires that the party seeking review be himself among the injured." *Lujan*, 504 U.S. at 563 (quoting *Sierra Club v. Morton*, 405 U.S. 727, 734–35 (1972)); *accord Spokeo*, 578 U.S. at 338 (noting that Article III standing limits "the category of litigants" who may bring suit); *Fleck & Assocs., Inc. v. City of Phoenix*, 471 F.3d 1100, 1104 (9th Cir. 2006) ("[A] litigant must normally assert his own legal interests rather than those of third parties." (internal quotation marks and citation omitted)). Because Hall

---

[5] In so holding, we distinguished a TCPA violation from the type of procedural deficiency identified in *Spokeo*:

> Unlike in *Spokeo*, where a violation of a procedural requirement minimizing reporting inaccuracy may not cause actual harm or present any material risk of harm, the telemarketing text messages at issue here, absent consent, present the precise harm and infringe the same privacy interests Congress sought to protect in enacting the TCPA.

*Van Patten*, 847 F.3d at 1043. Expressed differently, whereas a reporting violation presents only a speculative risk of harm, the receipt of an unwanted telemarketing text message or phone call in violation of the TCPA is inherently an invasion of privacy and a concrete injury.

provided the phone to her son, Defendants argue that she has not suffered an injury, as she did not allege that she was "the *actual user* of the phone number to which Defendants sent the text messages [or] the *actual recipient* of those messages." The district court agreed. We now reverse and hold that the owner and subscriber of a phone number listed on the Do-Not-Call Registry suffers an injury in fact when their phone receives text messages in alleged violation of the TCPA.[6]

The National Do-Not-Call Registry is directed at preserving the privacy of the residential subscriber who listed their number with the expectation that they would not be contacted by telemarketers. Section 227(c) of the TCPA, which authorizes the FCC to create the Registry and forms the basis of Hall's claim, addresses "the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1). This provision directs the FCC to promulgate regulations authorizing "residential subscribers" to place their phone numbers on the Registry, and provides a private right of action to redress unsolicited calls to those

---

[6] The parties expend significant energy on whether Hall qualifies as a "called party" for TCPA purposes. However, the phrase "called party" appears in § 227(b), governing automated robocalls, not § 227(c), addressing the Do-Not-Call Registry. Even if that language is relevant to § 227(c), any argument about who constitutes a "called party" is relevant only to the scope of the cause of action created by the TCPA, not to the question of Article III standing. *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 n.4 (2014) (explaining that this merits concept has sometimes been referred to as "statutory standing"). And again, we express no opinion as to whether a subscriber would have standing if they authorized a third-party to consent to receive messages.

numbers. 47 U.S.C. § 227(c)(3)(F). Those implementing regulations provide that:

> (c) No person or entity shall initiate any telephone solicitation to:
>
>> . . .
>>
>> (2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. Such do-not-call registrations must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator.

47 C.F.R. § 64.1200(c)(2). The telemarketer may raise an affirmative defense to liability if: (i) the call was placed in error and certain procedural requirements were met; (ii) the telemarketer "has obtained the subscriber's prior express invitation or permission"; or (iii) the telemarketer "has a personal relationship with the recipient." *Id.* § 64.1200(c)(2)(i)–(iii).[7]

---

[7] These are not the only ways in which a telemarketer may be able to avoid TCPA liability. For example, under 47 C.F.R. § 64.1200(c)(2)(ii), it may be sufficient for a telemarketer to show that it obtained the consent of a phone's "consumer," even if the phone's consumer is someone other than the phone's subscriber. Or, in an action brought under 16 C.F.R. § 310.4(b)(iii)(B)(1), there may be no liability when the owner of a telephone number authorizes a third-party to solicit messages. Since we

As noted above, Defendants argue that Hall has not been injured because she did not allege that "she was the *actual user* of the phone number to which Defendants sent the messages [or] the *actual recipient* of those messages." This contention boils down to the problematic proposition that the challenged text messages "were transmitted to '[Hall's] cellular telephone' and not [Hall] personally." But the relevant question for Article III standing purposes is simply whether Hall has suffered a cognizable injury. Because "a violation of the TCPA is a concrete, *de facto* injury," *Van Patten*, 847 F.3d at 1043, and the Do-Not-Call provisions of the TCPA proscribe unsolicited calls and text messages to phone numbers on the Do-Not-Call Registry, Hall's allegation that she received unsolicited text messages at a phone number that she placed on the Do-Not-Call Registry is sufficient to confer standing.[8] Moreover, although such allegations are not necessary to show injury in fact, Hall has alleged that she found Defendants' texts to be "irritating,

---

remand all merits questions to the district court, we need not decide the scope of these sections, who qualifies as a consumer or relevant third-party, how consent is demonstrated, whether a minor can give such consent, and, if so, what law a court should look to in evaluating consent.

[8] The Do-Not-Call Registry lists numbers, not names. *See* Federal Trade Comm'n, *Q&A for Telemarketers & Sellers About DNC Provisions in TSR*, https://www.ftc.gov/business-guidance/resources/qa-telemarketers-sellers-about-dnc-provisions-tsr-0#accessingtheregistry ("The only consumer information that companies will receive from the national registry is registrants' telephone numbers. The numbers will be sorted and available by area code."). A telemarketer ordinarily does not know if consent to receive telephone messages comes from the subscriber of a particular number or some other user. We recognize that allowing lawsuits to proceed when the ultimate phone user consents may cause telemarketers difficulties, even if such consent means that any such suit will ultimately fail on the merits. But it is up to Congress or implementing agencies to address any such supposed difficulties.

exploitative and invasive." These allegations suggest that Hall has suffered the precise sort of nuisance and privacy deprivation the TCPA was enacted to address.

Nothing in our precedent or the text of the TCPA suggests that the owner of a cell phone must also be the phone's primary or customary user to be injured by unsolicited phone calls or text messages sent to its number in violation of the TCPA. Requiring a heighted level of phone use as a prerequisite for standing is contrary to our prior recognition that "[r]eceiving even one unsolicited, automated text message from [a telemarketer] is the precise harm identified by Congress," and sufficient to state an injury in fact under Article III. *See Chennette*, 50 F.4th at 1222. Moreover, standing is not exclusive. The fact that the primary or customary user of a phone may suffer a concrete injury from an unwanted call or text message does not preclude the phone's owner and subscriber from suffering the same. *Cf. Krakauer v. Dish Network, LLC*, 925 F.3d 643, 647 (4th Cir. 2019) ("If a wife, as the subscriber, lists a home telephone number on the Do-Not-Call registry, but her husband happens to be the one who receives the improper calls . . . [b]oth the wife and the husband can suffer the harm that Congress sought to deter.").

Finally, as noted above, Defendants claim that Hall's son solicited the text messages by signing up through an online form. As relevant here, a telemarketer may contact a number listed on the National Do-Not-Call Registry if the telemarketer "has obtained the subscriber's prior express invitation or permission," as "evidenced by a signed, written agreement between the consumer and seller which states that the consumer agrees to be contacted by this seller and includes the telephone number to which the calls may be placed." 47 C.F.R. § 64.1200(c)(2)(ii). Determining whether

such consent was provided "requires an analysis of the merits of [Hall's] TCPA claim," and has no bearing on the question of Article III standing. *Wakefield*, 51 F.4th at 1118 n.7. Accordingly, we hold that even if Hall's son solicited messages from the Defendants, Hall has standing to bring her TCPA claim by virtue of her status as the subscriber and owner of the phone, and her allegation that the phone received unsolicited text messages in violation of the TCPA.[9] Whether her son in fact solicited the messages, and whether his consent would be legally sufficient under the TCPA, are relevant only to the merits of Hall's claim, not to her standing to litigate it.

For the reasons discussed above, we hold that that the owner and subscriber of a cell phone listed on the Do-Not-Call Registry has Article III standing to bring claims under the TCPA for unsolicited calls or text messages directed to its number. Hall alleges that Defendants texted a phone number that she owned and subscribed to, contrary to the precise privacy expectations she vindicated by placing her number on the Do-Not-Call Registry. Nothing more is required. *Cf. Van Patten*, 847 F.3d at 1043 ("A plaintiff alleging a violation under the TCPA 'need not allege any *additional* harm beyond the one Congress has identified.'" (quoting *Spokeo*, 578 U.S. at 342)). The issues of whether Hall's son consented to receive messages, and whether such consent would be sufficient to satisfy the TCPA, are reserved for the district court on remand. Accordingly, we reverse the

---

[9] We do not decide whether a subscriber would have Article III standing to litigate a TCPA violation if they *authorized* a third-party user to provide consent. There is no allegation here that Hall authorized her son to opt-in to receive messages from Defendants.

...

dismissal of the FAC for lack of Article III standing, and remand for further proceedings consistent with this opinion.

**REVERSED** and **REMANDED.**