UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTEN HALL,<br><br>    Plaintiff,<br><br>    v.<br><br>SMOSH DOT COM, INC., et al.,<br><br>    Defendant. | No. 2:21-cv-01997-DAD-AC<br><br>ORDER GRANTING UNOPPOSED MOTION TO TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1404(a)<br><br>(Doc. No. 61) |

This matter is before the court on defendant's unopposed motion to transfer this case pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Central District of California for the convenience of the parties and witnesses and in the interests of justice. (Doc. No. 61.)

Pursuant to 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought" for the convenience of parties and witnesses and in the interest of justice. "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). To prevail on a motion to transfer venue, the moving party must establish: "(1) that venue is proper in the transferor district; (2) that the transferee district is one where the action might have been brought; and (3)

1

that the transfer will serve the convenience of the parties and witnesses and will promote the interests of justice." *Tung Tai Grp. v. Fla. Transformer, Inc.*, No. 5:11-cv-02389-EJD, 2011 WL 3471400, at *1–2 (N.D. Cal. Aug. 8, 2011) (citing *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.,* 820 F. Supp. 503, 506 (C.D. Cal. 1992)). Even where the parties have stipulated to a transfer, courts must consider these elements and evaluate whether the transfer is appropriate. *Tung Tai Grp.*, 2011 WL 3471400, at *2; *Smith v. CoreLogic Background Data, LLC*, No. 2:18-cv-01895-KJM-AC, 2018 WL 4352956, at *1 (E.D. Cal. Sept. 12, 2018) (granting the parties' stipulated request to transfer action to a different venue after considering the requisite elements and determining that the transfer was appropriate). As to the third element, courts consider various factors, including but not limited to, the plaintiff's choice of forum, the parties' contacts with the forum, contacts resulting in plaintiff's claim in the chosen forum, different costs of litigation between the two forums, ease of access to evidence, and feasibility of consolidating other claims. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

      Here, defendant requests that this action be transferred from the Eastern District of California (where venue is proper) to the Central District of California (a district in which this action might have been brought) because the transfer is in the interest of justice and for the convenience of the parties and the witnesses. (Doc. No. 61 at 6.) Defendant emphasizes that it is unaware of any parties or witnesses located in the Eastern District of California; plaintiff is located in Texas; and defendant Mythical Venture, Inc.—the only defendant remaining in this case[1]—is headquartered in Los Angeles County, California. (*Id.*) Thus, defendant argues that the

---

[1] In her original complaint, plaintiff named just one defendant, Smosh Dot Com, Inc. d/b/a Smosh ("Smosh"), which was alleged to be headquartered in Sacramento, California. (Doc. No. 1 at 4.) In her first amended complaint, plaintiff added defendant Mythical Entertainment, LLC, which was alleged to be defendant Smosh's parent company headquartered in Beverly Hills, California. (Doc. No. 10 at 5.) Following meet and confer efforts and clarification as to the identity and ownership of defendants, plaintiff filed her second amended complaint, in which she no longer named defendant Smosh Dot Com, Inc. d/b/a Smosh, and instead named three defendants: Smosh Productions, Inc.; Mythical Entertainment, LLC; and Mythical Venture, Inc. d/b/a "Smosh." (Doc. No. 58.) Following further meet and confer efforts and clarification, plaintiff filed the third amended and operative complaint, naming only defendant Mythical Venture, Inc. d/b/a "Smosh," which is alleged to be headquartered in Los Angeles County, specifically Beverly Hills, California. (Doc. No. 73 at 5.)

1  Central District of California would be a far more convenient forum for defendant, and likely
2  more convenient for plaintiff who will have a shorter travel time from Texas to Los Angeles as
3  opposed to Sacramento. (*Id.* at 6–7.)
4      Plaintiff does not oppose the transfer of this action to the Central District of California.
5  Indeed, plaintiff filed a statement of non-opposition in response to the pending motion. (Doc. No.
6  64.)
7      Having considered each of the requisite elements, and the arguments presented in the
8  unopposed motion to transfer venue, the court determines that transfer of this action to the Central
9  District of California is appropriate. Accordingly, the court will grant defendant's motion to
10 transfer this action to the United States District Court for the Central District of California.
11     For the reasons explained above:
12     1.  Defendant's motion to transfer this action (Doc. No. 61) is granted;
13     2.  The court hereby transfers this action to the United States District Court for the
14         Central District of California;
15     3.  The court further orders the Clerk of the Court for the Eastern District of
16         California in Sacramento, to forward all filings in this action to the United States
17         District Court for the Central District of California; and
18     4.  The Clerk of the Court for the Eastern District of California shall close this case
19         upon completion of the transfer.
20     IT IS SO ORDERED.
21
22 Dated: **December 7, 2023**            *Dale A. Drozd*
                                          DALE A. DROZD
23                                        UNITED STATES DISTRICT JUDGE

3