**KIMMEL & SILVERMAN, P.C.**
Craig T. Kimmel, Esq. (*pro hac vice* pending)
Jacob U. Ginsburg, Esq.(*pro hac vice* pending)
30 E. Butler Ave.
Ambler, PA 19002
(267) 468-5374
kimmel@creditlaw.com
jginsburg@creditlaw.com
teamkimmel@creditlaw.com

**BUTSCH ROBERTS & ASSOCIATES LLC**
Christopher E. Roberts (*pro hac vice* pending)
7777 Bonhomme Avenue, Suite 1300
Clayton, Missouri 63105
Phone: (314) 863-5700
CRoberts@butschroberts.com

Lenny Bush, Esquire (216072) (Local Counsel)
Bush Law Group
23679 Calabasas Road, Suite 1005
Calabasas, CA 91302
Telephone: (323) 868-1903
bushlawgroup@gmail.com
*Attorneys for Plaintiff*

**MANATT, PHELPS & PHILLIPS, LLP**
ALEXANDRA N. KRASOVEC (SBN 279578)
Email: AKrasovec@manatt.com
CODY A. DeCAMP (SBN 311327)
Email: CDeCamp@manatt.com
MARAH A. BRAGDON (SBN 342646)
Email: MBragdon@manatt.com
2049 Century Park East, Suite 1700
Los Angeles, California 90067
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

*Attorneys for Defendant*
MYTHICAL VENTURE, INC. d/b/a "Smosh"

- 1 -
26(f) Report

Case No. 2:23-cv-10324-JFW-KES

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| KRISTEN HALL, *individually and on behalf of all others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>MYTHICAL VENTURE, INC.<br><br>Defendant. | Case No.: 2:23-cv-10324-JFW-KES<br><br>**JOINT RULE 26(f) REPORT (corrected)**<br><br>Scheduling Conference: Jan. 8, 2024<br><br>Hon. John F. Walter<br><br>Complaint Filed: Oct. 28, 2021<br>TAC Filed: Nov. 13, 2023<br>Transferred: Dec. 13, 2023 |

Pursuant to the Court's December 14, 2023 Order Setting Scheduling Conference (Dkt. 85), and in accordance with Fed. R. Civ. P. 26(f), counsel for Plaintiff Kristen Hall ("Plaintiff") and Defendant Mythical Venture, Inc. ("Defendant") (collectively the "Parties") hereby submit this Joint Report. Undersigned counsel for the Parties, Jacob U. Ginsburg, Christopher E. Roberts (for Plaintiff), Alexandra N. Krasovec, and Marah A. Bragdon (for Defendant), met by videoconference on December 22, 2023, and discussed each of the following topics:

(1) the basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, the date by which service will be completed and an explanation as to why service has not been completed;

**Plaintiff's claims are asserted under the Telephone Consumer Protection Act, 47 U.S.C. § 227(c). ("TCPA"), which is a federal statute and therefore creates a federal question. There are no parties yet to be served.**

(2) a brief chronology of the facts and a statement of the principal factual issues in dispute;

**Plaintiff**: This case was recently transferred from the Eastern District of California, after the Eastern District of California's order of dismissal was reversed by the Ninth Circuit. The relevant facts are below:

Plaintiff Kristen Hall received five marketing messages from Defendant Mythical Venture, Inc. d/b/a "Smosh", soliciting merchandise for an adolescent-oriented sketch comedy group. Smosh claims it obtained express written consent from Kristen Hall's son, when he was 13 years old. Hall registered the subject cell phone on the do-not-call registry in November 2019. Hall allowed her son to sometimes use the phone.
Critically, Smosh has also not provided documentation showing a signed written agreement between Hall's minor son and Smosh with a clear and conspicuous disclosure that telemarketing messages would be sent. Accordingly, the telemarketing disclosure provided by Smosh and the existence of an electronic signature are facts that have not yet established.

As to the class Hall seeks to represent: because no discovery has taken place, Hall still does not know the number of persons with phone numbers on the do-not-call registry who received marketing messages from Smosh. Even if Smosh makes a showing in discovery that it had express written consent upon a clear and conspicuous disclosure of certain persons of majority age, Hall would likely still seek to certify a narrower class of persons called/texted where the party who purportedly gave "express written consent" was not of majority age.

**Defendant**: Plaintiff registered her phone number on the Federal Do-Not-Call Registry on or about November 8, 2019. On or about November 3, 2019, her son signed up to receive text messages from Defendant via webform on Defendant's website providing his name, phone number, email address, and location. It is undisputed that the phone number provided in that webform submission is the phone number shared between Plaintiff and her child. Plaintiff alleges receipt of 5 text messages to the phone number thereafter, between December 15, 2019 and June 29, 2020.

> (3) a brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions;

**Plaintiff:**

a. **Whether Smosh can meet the TCPA's requirements for "express written consent" or "express written permission", upon a "clear and conspicuous disclosure"**

Under the TCPA, the absence of consent is not part of the plaintiff's claim, rather it is the defendant's burden to prove its affirmative defense that it had the subscriber's "express written consent" or "express written permission." 47 C.F.R. § 64.1200(c)(2)(ii). To have express written consent/permission, the seller must make a showing it has obtained a "signature" as defined by 47 C.F.R. § 64.1200(f)(3) (can include digital or electronic signature). The seller must also make a showing that it provided  In the FCC's regulations promulgating the TCPA, "the term clear and conspicuous means a notice that would be apparent to the reasonable consumer…". 47 C.F.R. § 64.1200(f)(3).

Many telemarketers obtain consumer data using websites that do not provide clear and conspicuous disclosure that submitting information website means consenting to telemarketing messages. That failure to provide a clear and conspicuous disclosure renders the defendants unable to meet their burden for consent. notice [was] displayed in a font size and format such that the court can fairly assume that a reasonably prudent Internet user would have seen it." *Gaker v. Citizens Disability, LLC*, 654 F. Supp. 3d 66 (D. Mass. 2023) (granting plaintiff's motion for summary judgment where "consent" website deliberately obfuscated telemarketing disclosure, which was buried in fine print) *Sullivan v. All Web Leads, Inc.*, 2017 WL 2378079 (N.D. Ill. June 1, 2017) (consent-soliciting website buried and overshadowed telemarketing disclosure). The doctrine of clear and conspicuous disclosure is not specific to the TCPA, but universal in contract law. *Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 868 (9th Cir. 2022) (applying contract law and declining to compel arbitration where disclosure of arbitration was "not set apart in any other way that may [have] draw[n] the attention of the consumer" and therefore not "clear and conspicuous").

Hall will hold Smosh to its burden of proving a valid electronic signature upon a clear and conspicuous disclosure.

b. **Even if there were an electronic signature and a clear and conspicuous disclosure, whether a minor can consent as a "subscriber" under 227(c).**

Unlike Section 227(b) of the TCPA, which requires consent of the "called party", Section 227(c) requires the seller obtain "the *subscriber's* prior express permission or invitation." 47 C.F.R. § 64.1200(c)(2)(ii) (emphasis added). The FCC has defined "subscriber" as "the party identified in the account records of a common carrier as responsible for payment of the telephone bill" or any adult person authorized by such party to change telecommunications services or to charge services to the account." 47 C.F.R. § 64.1100(h).

In the TCPA context, a subscriber can only authorize an adult to consent to telemarketing communications in place of the subscriber. *Osorio v. State Farm Bank, F.S.B.,* 746 F.3d 1242, 1254 (11th Cir. 2014) (subscriber can authorize another adult to consent to receiving telemarketing calls); *see also Harrington v. Roundpoint Mortgage Servicing Corp.,* 290 F. Supp. 3d 1306, 1317 (M.D. Fla. 2017) (same).

**Defendant**: Defendant identifies the following as the essential disputed points of law at issue in this litigation--

   a. Whether the prior express invitation or permission exemption under the DNC Registry regulations, which merely requires a "signed written agreement," 47 C.F.R. § 64.1200(c)(2)(ii), (f)(15)(i), must satisfy the heightened "prior express written consent" standard applicable to autodialed calls under 47 U.S.C. § 227(b)(1), 47 C.F.R. § 64.1200(a)(iv)(2)-(3), (f)(9). These are two separate standards, and the heightened "prior express written consent" standard is not applicable to all marketing calls, only those made using regulated technology regulated under 47 U.S.C. § 227(b)(1). *See* 47 C.F.R. § 64.1200(c)(2)(ii) (requiring only that "[s]uch permission must be evidenced by a signed, written agreement between the consumer and seller which states that the consumer agrees to be contacted by this seller and includes the telephone number to which the calls may be placed" for purposes of calls to phone numbers registered on the National DNC Registry).

   b. Whether a minor can be considered a "subscriber" under the TCPA for purposes of providing prior express invitation or permission. 47 C.F.R. § 64.1200(c)(2)(ii). Neither the TCPA or its implementing regulations specifically define the word "subscriber." Plaintiff argues that a minor cannot be a subscriber based on how the term is defined in 47 C.F.R. § 64.1100(h), but that provision applies to anti-slamming

    regulations applicable to phone carriers, not the DNC Registry regulations promulgated under 47 C.F.R. § 64.1200. Moreover, the TCPA does not define consent so narrowly. *See In the Matter of Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 30 F.C.C. Rcd. 7961 (2015) ("2015 Order") (determining that under the TCPA's autodialing provisions that "the 'called party' is the subscriber, i.e., the consumer assigned the telephone number dialed and billed for the call, *or the non-subscriber customary user of a telephone number* included in a family or business calling plan. Both such individuals can give prior express consent to be called at that number.").

   c. Whether a minor is capable of entering into an agreement to receive text messages under California law. *See, e.g.*, *Lopez v. Kmart Corp.*, 2015 WL 2062606, at *4 (N.D. Cal. May 4, 2015) ("California law plainly provides that a minor has the capacity to contract, with the exception of those contracts specifically prohibited.") (citing Cal. Civ. Code § 1557 and Cal. Family Code § 6700).

   d. Whether a plaintiff can recover for violations of the TCPA's National DNC Registry provision if one of the regular users of the telephone provided their consent to be contacted at that phone number.

4. all prior and pending motions, their current status, and any anticipated motions;

**Smosh (through different corporate entities previously named as defendants) filed a motion to dismiss, which was granted for lack of standing. Hall appealed to the Ninth Circuit, where it was reversed.**

**Hall amended her complaint and Smosh filed a motion to dismiss. With consent of the defendants, Hall amended to eliminate two of the three defendants and to proceed against only the current defendant.**

**Smosh filed an unopposed motion to transfer, which was granted. Smosh filed a motion to dismiss/strike class allegations, which it will refile here.**

**<u>Plaintiff</u>: Plaintiff will file a motion for class certification.**

**<u>Defendant</u>: A point of clarification on the above summary: Prior to transfer, Defendant's deadline to file its Motion to Dismiss the Third Amended**

**Complaint was December 8, 2023. On this date, the Eastern District of California issued an order granting the motion to transfer and transferring the case to this Court. Defendant filed its Motion to Dismiss in Eastern District of California in accordance with its deadline to preserve its right to respond. Defendant will re-file the Motion to Dismiss and/or Strike the Class Allegations for consideration by this Court.**

**Defendant expects to file a Motion for Summary Judgment. Defendant also intends to file a Motion to Bifurcate Discovery.**

   5.  the extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings;

**Proposed deadline to amend or add parties: February 9, 2024.**

**<u>Defendant</u>: Defendant does not expect to add any parties to the litigation. Defendant's defenses will be set forth if and when it is required to Answer the Third Amended Complaint.**

   6. whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made;

**The Parties will issue Rule 26(a) disclosures by January 5, 2024, in compliance with Fed. R. Civ. P. 26(a)(1)(C).**

   7. discovery taken to date, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f);

**Only the informal exchange of information has taken place thus far. The Parties intend to exchange written discovery and take depositions on each side.**

  **Plaintiff intends to propound discovery prior to the scheduling conference.**

**Expert Reports: February 23, 2024**
**Rebuttal Expert Reports: March 22, 2024**
**Proposed discovery end date: June 28, 2024**
**Proposed deadline for class certification: April 12, 2024**

8. any related cases or proceedings pending before another judge of this court, or before another court or administrative body;

**None.**

9. all relief sought by the complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established;

**Plaintiff: Plaintiff seeks up to $500 per unlawful call, which can be trebled up to $1,500 per unlawful call. Where the size and scope of the class(es) remain uncertain, the damages sought for the putative class(es) cannot be ascertained with more certainty.**

**Defendant: Defendant contends that Plaintiff is not entitled to any recovery in this case, but should damages be awarded, Plaintiff should only be entitled to statutory damages of $500 per since Defendant had the permission of the phone's authorized/regular user to send the texts and/or reasonably believed that it had such permission and thus there was no knowing/willful violation. Plaintiff's total individual recovery would therefore be capped at $2,500.**

10. whether each party has filed the "Certification as to Interested Parties or Persons" required by the Local Rules.

**The Parties will file the certificate as to interested parties in advance of the Status Conference on January 8, 2024.**

11. an appropriate last date for the completion of discovery and the hearing of motions, a date for a final pretrial conference and a trial date;

**The Parties have discussed and agree that setting a trial date (and pre-trial conference) is premature at this time. The pleadings are not yet settled and Plaintiff's class certification has not been decided. While the Parties provide the Court with the following schedule in order to comply with the Court's order, the Parties jointly request that a trial date not be set until the motion for certification has been ruled on.**

- Discovery end date: June 28, 2024
- Deadline for class certification and/or summary judgment: April 12, 2024
- Pre-trial conference: November 1, 2024
- Trial December 2, 2024

12. whether the case will be tried to a jury or to the Court and a preliminary estimate of the time required for trial;

**Plaintiff has demanded a jury trial.**
**Estimated trial duration 2-10 days, depending on scope and whether a class is certified.**

13. efforts made to settle or resolve the case to date, and the parties' views as to an appropriate plan for maximizing settlement prospects;

**The Parties discussed ADR options. Plaintiff welcomes class mediation early in discovery. While Defendant is amenable to participate in mediation, Defendant's position is that mediation should not occur until the Court rules on its forthcoming Motion to Dismiss and/or Strike Class Allegations.**

14. whether the case is complex or requires reference to the procedures set forth in the Manual on Complex Litigation;

**This is a putative class-action matter. The parties are not anticipating the issues being overly complex, but at times may require reference to the Manual on Complex Litigation.**

15. what motions the parties are likely to make that may be dispositive or partially dispositive;

**Defendant's Motion to Dismiss and/or Strike**
**Plaintiff's anticipated Motion for Class Certification**
**Cross-Motions for Summary Judgment**
**Possibly, a summary judgment motion and/or briefing by the Parties on one or more legal issues in this case.** *See* **No. 3 above.**

16. Any unusual legal issues presented by the case; and

**Plaintiff**: Already in this case, Ninth Circuit's decision on standing clarified an issue of uncertainty. The issue of whether a minor can "consent" under 227(c) of the TCPA is also an issue of first impression which was not adjudicated by the Ninth Circuit.

**Defendant**: In addition to the above, Defendant states that whether family members who share a phone are bound by consent provided by one member of the family for calls/text messages to that phone (i.e., can one subscriber/user recover for such text messages where another user consented to such texts) is an unusual legal issue ripe for determination.

17. Proposals regarding severance, bifurcation, or other ordering of proof.

**Plaintiff**: (1) Plaintiff believes Defendant's argument on "consent" is not ripe for adjudication because Smosh has not made a showing that it obtained a digital signature upon a clear and conspicuous disclosure. Because of the factual showing that is required, the issue would be better suited for summary judgment or trial. (2) Plaintiff opposes stay and/or bifurcation of discovery. This matter has already been subject to two years of delay. Plaintiff opposes stay pending adjudication of the Defendant's motion to dismiss and bifurcation, as inconsistent with Rule 1 and this Court's policies and procedures.

**Defendant**: Defendant states that its defenses and/or recognized exceptions to the claim at issue are readily apparent from the face of the operative pleading, and thus subject to challenge on the pleadings. Though, underlying this issue is the legal question of what standard is to apply, *see* Defendant's Position in No. 3(a), which the parties likewise dispute. The pleadings are not yet settled and Defendant is challenging Plaintiff's class allegations. Accordingly, for reasons of efficiency and preserving judicial and party resources, Defendant requests that the Court either stay or bifurcate discovery (to permit only discovery as to Plaintiff's individual claim), until the Court rules on Defendant's forthcoming Motion to Dismiss and/or Strike the Class Allegations.

Dated: December 22, 2023                Respectfully submitted,

|   |   |
|---|---|
|   | KIMMEL & SILVERMAN |
|   | By: */s/Jacob U. Ginsburg* |
|   | Jacob U. Ginsburg (phv pending) |
|   | Attorneys for Plaintiff, KRISTEN HALL |
| Dated: December 22, 2023 | MANATT, PHELPS & PHILLIPS, LLP |
|   | By: /s/ Alexandra N. Krasovec |
|   | Alexandra N. Krasovec |
|   | Cody A. DeCamp |
|   | Marah A. Bragdon |
|   | Attorneys for Defendants |
|   | MYTHICAL VENTURE, INC. D/B/A "SMOSH" |

## ATTESTATION PURSUANT TO LOCAL RULE 5-4.3.4

I, Jacob U. Ginsburg, am the ECF User whose ID and password are being used to file this stipulation. In compliance with Local Rule 5-4.3.4(a)(2)(i), I hereby attest that each of the other signatories concur in the filing's content and have authorized the filing.

## CERTIFICATE OF SERVICE

I, Jacob U. Ginsburg, Esq. hereby certify that I served a true and correct

copy of the foregoing on all parties of record via ECF on December 22, 2023.

*/s/ Jacob U. Ginsburg*