**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | | |
|---|---|---|
| Case No. | **CV 23-10324-JFW(KESx)** | Date: January 26, 2024 |

Title: Kristen Hall -v- Mythical Venture, Inc.

---

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

| PROCEEDINGS (IN CHAMBERS): | ORDER DENYING DEFENDANT MYTHICAL VENTURE, INC.'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT UNDER FED. R. CIV. P. 12(b)(6) AND/OR STRIKE CLASS ALLEGATIONS UNDER FED. R. CIV. P. 12(f) AND 23 [filed 12/29/2023; Docket No. 102] |
|---|---|

     On December 29, 2023, Defendant Mythical Venture, Inc. d/b/a Smosh ("Smosh") filed a Motion to Dismiss Plaintiff's Third Amended Complaint Under Fed. R. Civ. P. 12(b)(6) and/or Strike Class Allegations Under Fed. R. Civ. P. 12(f) and 23 ("Motion to Dismiss and/or Strike"). On January 8, 2024, Plaintiff Kristen Hall ("Plaintiff") filed her Opposition. On January 16, 2024, Smosh filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for January 29, 2024 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

     In her Third Amended Complaint, Plaintiff alleges that Smosh violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 by sending text messages to a phone number she registered on the National Do-Not-Call Registry. Smosh moves to dismiss Plaintiff's Third Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) on the grounds that her minor child provided prior express invitation or permission to be contacted at Plaintiff's phone number. In the alternative, Smosh moves to strike the class allegations in the Third Amended Complaint on the grounds that Plaintiff is an atypical class representative and that common issues will not predominate in this litigation.

I.   **MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  "A Rule 12(b)(6) dismissal is proper only where there is either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'"  *Summit Technology, Inc. v. High-Line Medical Instruments Co., Inc.*, 922 F. Supp. 299, 304 (C.D. Cal. 1996) (quoting *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988)).  However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  *Id.*

In deciding a motion to dismiss, a court must accept as true the allegations of the complaint and must construe those allegations in the light most favorable to the nonmoving party.  *See, e.g., Wyler Summit Partnership v. Turner Broadcasting System, Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).  "However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations."  *Summit Technology*, 922 F. Supp. at 304 (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) *cert. denied*, 454 U.S. 1031 (1981)).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion."  *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990) (citations omitted).  However, a court may consider material which is properly submitted as part of the complaint and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201 without converting the motion to dismiss into a motion for summary judgment.  *See, e.g., id.*; *Branch v. Tunnel*, 14 F.3d 449, 454 (9th Cir. 1994).

"[D]ismissal under Rule 12(b)(6) on the basis of an affirmative defense is proper only if the defendant shows some obvious bar to securing relief on the face of the complaint."  *ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014).  "[T]he assertion of an affirmative defense may be considered properly on a motion to dismiss where the 'allegations in the complaint suffice to establish' the defense."  *Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013) (quoting *Jones v. Bock*, 549 U.S. 199, 215 (2007)).  However, "[i]f, from the allegations of the complaint as well as any judicially noticeable materials, an asserted defense raises disputed issues of fact, dismissal under Rule 12(b)(6) is improper."  *ASARCO, LLC*, 765 F.3d at 1004.

The Court concludes that the issues raised by Smosh are more appropriately resolved on a motion for summary judgment.  Accordingly, Smosh's motion to dismiss Plaintiff's Third Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) is **DENIED**.

II.   **MOTION TO STRIKE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(f)**

Federal Rule of Civil Procedure 12(f) provides that "on motion made by a party [ ] before responding to the pleading," the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  A court may

"strike class allegations prior to discovery if the complaint demonstrates that a class action cannot be maintained." *Tietsworth v. Sears*, 720 F.Supp.2d 1123, 1146 (N.D. Cal. 2010). However, motions to strike class allegations are generally disfavored because "a motion for class certification is a more appropriate vehicle." *Thorpe v. Abbott Labs., Inc.*, 534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008). Indeed, "the granting of motions to dismiss class allegations before discovery has commenced is rare." *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007).

The Court concludes that Smosh's arguments are more appropriately resolved on a motion for class certification. Accordingly, Smosh's motion to strike the class allegations from Plaintiff's Third Amended Complaint is **DENIED**.

### III.    CONCLUSION

For the foregoing reasons, Smosh's Motion to Dismiss and/or Strike is **DENIED**.

IT IS SO ORDERED.