KIMMEL & SILVERMAN, P.C.
Jacob U. Ginsburg, Esq. (*pro hac vice*)
Craig T. Kimmel, Esq. (*pro hac vice*)
30 E. Butler Ave., Ambler, Pennsylvania 19002
Phone: (267) 468-5374
jginsburg@creditlaw.com
teamkimmel@creditlaw.com

BUTSCH ROBERTS & ASSOCIATES LLC
Christopher E. Roberts (*pro hac vice*)
7777 Bonhomme Avenue, Suite 1300, Clayton, Missouri 63105
Phone: (314) 863-5700
croberts@butschroberts.com

BUSH LAW GROUP
Lenny Bush, Esquire (SBN 216072)
23679 Calabasas Road, Suite 1005, Calabasas, California 91302
Telephone: (323) 868-1903
bushlawgroup@gmail.com

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| KRISTEN HALL, *individually and on behalf of all others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>MYTHICAL VENTURE, INC.<br><br>Defendant. | Case No.: 2:23-cv-10324-JFW-KES<br><br>**MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO EXTEND CLASS CERTIFICATION DEADLINE**<br><br>Hon. John F. Walter<br><br>Motion date: April 9, 2024<br><br>Complaint Filed: Oct. 28, 2021<br>TAC Filed: Nov. 13, 2023<br>Transferred: Dec. 13, 2023 |

## **TABLE OF CONTENTS**

I.   INTRODUCTION AND SUMMARY OF ARGUMENTS……..….…….2

II.  FACTUAL BACKGROUND……………………………..………...3

III. ARGUMENT……………………………………………….………...6

  A. Standard for motion to extend deadlines……………..…….………….6

  B. Plaintiff has been diligent at pursuing class data from Smosh and third-party Community.com, Inc. and promptly requested the extension when it became apparent it would be necessary………..…..8

  C. Where Smosh does not oppose the extension of the class Certification deadline, no party would be prejudiced…….……..…….9

  D. The proposed extension of the class certification deadline would not otherwise disrupt the schedule of the case………….…10

  E. This is the first request to extend any dates in this Court's scheduling order………………………………………………….……..11

IV.  CONCLUSION……………………………………………………12

## TABLE OF AUTHORITIES

*Aubert v. Dzurenda,*
    2020 U.S. Dist. LEXIS 2426616 (D. Nev. Dec. 28, 2020)...................9

*Avila v. Willits Env't Remediation Trust,* 633 F.3d 828 (9th Cir. 2011)...............6

*Bernstein v. S. California Tel. Co.,*
    2020 U.S. Dist. LEXIS 163582 (C.D. Cal. May 27, 2020)...................5

*Bryant v. Cnty. of L.A.,*
    2021 U.S. Dist. LEXIS 106724 (C.D. Cal. June 4, 2021)...................7,8

*Harper v. Ramos,*
    2020 U.S. Dist. LEXIS 83610 (C.D. Cal May 12, 2020)....................7,8

*Hearns v. Gonzales,*
    2019 U.S. Dist. LEXIS 9397 (E.D. Cal. Jan. 18, 2019)...................8

*Hoyt v. Valdovinos,*
    2021 U.S. Dist. LEXIS 116382 (S.D. Cal. June 22, 2021)...................7

*Kuschner v. Nationwide Credit Inc.,* 256 F.R.D. 684 (E.D. Cal. 2009)............7

*Mbazomo v. ETourandTravel, Inc.,*
    2017 U.S. Dist. LEXIS 82411 (E.D. Cal. May 26, 2017)...................5

*SGII, Inc. v. Soda Chanda Suon,*
    2021 U.S. Dist. LEXIS 252180 (C.D. Cal. Dec. 29, 2021).................4

*Webb v. Healthcare Revenue Recovery Grp. LLC,*
    2014 U.S. Dist. LEXIS 11091, (N.D. Cal. Jan. 29, 2014)...................5

*Zions Bancorporation, N.A. v. JPMorgan Chase Bank, N.A.,*
    2022 U.S. Dist. LEXIS 172080 (S.D. Cal. Sept. 21, 2022)...................7

*Zivkovik v. S. Cal. Edison Co.,* 302 F.3d 1080 (9th Cir. 2002)..........................6

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| KRISTEN HALL, *individually and on behalf of all others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>MYTHICAL VENTURE, INC.<br><br>Defendant. | Case No.: 2:23-cv-10324-JFW-KES<br><br>**MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO EXTEND CLASS CERTIFICATION DEADLINE**<br><br>Hon. John F. Walter<br><br>Motion date: April 2, 2024<br><br>Complaint Filed: Oct. 28, 2021<br>TAC Filed: Nov. 13, 2023<br>Transferred: Dec. 13, 2023 |

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO EXTEND CLASS CERTIFICATION DEADLINE

Plaintiff, Kristen Hall ("Plaintiff" or "Hall") files this memorandum of law in support of her unopposed motion to extend the class certification deadline from April 16, 2024 until May 16, 2024. This motion is not opposed by Defendant Mythical Venture, Inc. d/b/a "Smosh" ("Defendant" or "Smosh").

### I. INTRODUCTION AND SUMMARY OF ARGUMENT

As articulated at length below, good cause exists to grant this unopposed motion. Hall promptly issued discovery seeking data from Smosh relevant for class certification promptly after their Rule 26(f) conference. On January 30,

2024, Smosh's attorneys informed Hall's counsel it would not be producing class data indicating the dates, times and phone numbers of persons texted by Smosh, as such data was in the sole possession of its former vendor, third-party Community.com, Inc. ("Community"), whose platform Smosh used to send marketing messages during the class period. After being told as much, Plaintiff's counsel promptly served a subpoena on Community. In-house counsel for Community has been in communication with counsel for the Parties. Community's in-house counsel has advised she is new to her position, that the company has had considerable staff turnover, and Community needed additional time to produce the class data. Because of the volume of data, coupled with the fact Community is not a named party to the litigation and because of the staff turnover within the company and difficulties compiling the relevant data, Plaintiff agreed to afford Community until March 14, 2024 to produce responsive documents and data, before filing a motion to enforce.

Hall has been diligent in seeking discovery from both the Defendant and the relevant third-party, and the delay in the production of relevant data for class certification is notwithstanding her diligent efforts. Further, the Defendant does not oppose the proposed 30 day extension, reflecting it would not be prejudiced. Additionally, Plaintiff does not seek to extend the discovery end date or dates related to trial. The case would, therefore, not be disrupted or delayed by the proposed extension of the class certification deadline. Finally, this is Plaintiff's

first proposed extension of any date in the schedule issued by this Court. For those reasons, which are set forth below, Plaintiff's unopposed motion to extend the class certification deadline from April 16, 2024 until May 16, 2024, should be granted.

## II. FACTUAL BACKGROUND

After remand from the Ninth Circuit, this putative class-action was transferred from the Eastern District of California to this Court on December 13, 2023. ECF No. 83. The Parties promptly drafted their respective portions of the Rule 26(f) report and plan, held their Rule 26(f) conference on December 22, 2023. ECF No. 91.

Initially, Plaintiff understood Smosh would be able to produce the documents and data of persons text messaged during the class period, as Smosh was able to provide the purported opt-in data for Hall and her son in 2021. Ginsburg Dec. ¶¶ 7-8; *See* Ex. A, email from Smosh's prior counsel September 9, 2021. Plaintiff's counsel drafted interrogatories and requests for production over the Christmas holiday, which were issued December 31, 2023 to Smosh. Those requests sought *inter alia,* information and documents related to the call and text message records to putative class members. *See* Ginsburg Dec. ¶¶ 15-16, Ex. B, interrogatories, Ex. C, requests for production.

Plaintiff, however, learned Smosh would not be producing the class data on January 30, 2024, when Smosh's counsel advised that information is only available to third-party Community.com, Inc., whose platform Smosh used to send text messages. *See* Ginsburg Dec., ¶ 18; *See* Exhibit "E", email regarding Smosh's ability to produce class data. Hall did not subpoena Community before that, because of the obligation to seek discovery from a party before burdening a non-party seeking for the same documents or information.[1]

After learning Smosh would not be producing the class wide data, Plaintiff's counsel then promptly drafted and issued a subpoena to third-party Community.com, Inc. *See* Ex. H and Ex. I, subpoenas to Community. Community.com was served with the subpoena on February 6, 2024. *See Id.* After being served, in-house counsel for Community conferred with Plaintiff's counsel and advised she is new to the company, which has had significant staff turnover, and that she was working with IT professionals on obtaining and producing the requested documents and data. Counsel has expressed uncertainty about the scope of documents Community can produce. Ginsburg Dec. ¶¶ 22-27. Plaintiff has agreed to grant Community an extension of the response deadline

---

[1] "[N]on-parties should not be burdened in discovery to the same extent as the litigants themselves," and "[r]equests to nonparties should be narrowly drawn to meet specific needs for information." *SGII, Inc. v. Soda Chanda Suon*, No. 8:21-cv-01168-DOC (JDEx), 2021 U.S. Dist. LEXIS 252180, at *11-12 (C.D. Cal. Dec. 29, 2021.

until March 14, 2024 before seeking to enforce the subpoena due to the volume of data, the fact that Community is not a party to the suit and that Community has new staff who are not completely familiar with old records and systems. *Id.,* ¶ 26. Community has not, however, confirmed it will be able to provide the documents by that date. *Id.*, ¶ 27.

Plaintiff will likely need the document production to prepare the motion for class certification. *Bernstein v. S. California Tel. Co.*, 2020 U.S. Dist. LEXIS 163582, at *4 (C.D. Cal. May 27, 2020) (Pym, J.) (call logs and phone records relevant for class certification for numerosity and commonality); *Mbazomo v. ETourandTravel, Inc.*, No. 2:16-cv-02229-SB, 2017 U.S. Dist. LEXIS 82411, at *2 (E.D. Cal. May 26, 2017) (same); *Webb v. Healthcare Revenue Recovery Grp. LLC*, 2014 U.S. Dist. LEXIS 11091, at *1 (N.D. Cal. Jan. 29, 2014) (same). Given the internal staff turnover within Community.com and the uncertainty as to the company's record-keeping, it is likely there will be follow up issues and supplemental requests necessary. Regardless of whether she (1) gets the production from Community by March 14; (2) gets nothing and has to file a motion to enforce; or (3) gets partial production with more documents to follow, it will be difficult or impossible to prepare a motion for class certification by April 16, 2024. Rather than hoping everything will work out and filing a last-minute request for an extension of the deadline days before its arrival, if it does not, Plaintiff seeks the extension well before the deadline has arrived.

After a video-conference conferral between the parties and several email exchanges, Defendant Smosh advised it does not oppose the 30-day extension of the class certification deadline. *See* Doc. No. 116.

### III. ARGUMENT

**A. Standard for motion to extend deadlines.**

"District judges have broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16." *Avila v. Willits Env't Remediation Trust,* 633 F.3d 828, 833 (9th Cir. 2011)). A pretrial scheduling order may "be modified 'upon a showing of good cause.'" *Ibid*. (quoting *Zivkovik v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002)). "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension,' but 'if the party seeking the modification "was not diligent, the inquiry should end" and the motion to modify should not be granted.'" *Zivkovik*, 302 F.3d at 1087). "Prejudice to the opposing party, though not the focus of the inquiry, also may support denying a motion." *Id*. at *3. Further, under this Court's Initial Standing Order, applications to extend deadlines set by this Court may be granted where "compelling factual support" establishes "good cause demonstrating why the change in date is essential." ECF 9 at 3.

"Good cause may be found to exist where the moving party shows that it diligently assisted the court with creating a workable scheduling order, that it is

unable to comply with the scheduling order's deadlines due to matters that could not have reasonably been foreseen at the time of the issuance of the scheduling order, and that it was diligent in seeking an amendment once it became apparent that the party could not comply with the scheduling order." *Kuschner v. Nationwide Credit Inc*., 256 F.R.D. 684, 687 (E.D. Cal. 2009)) (finding good cause to extend discovery deadlines by 60 days where the "case was stayed twice" and where "unforeseen circumstances" prevented defendants from taking plaintiff's deposition); *see also Bryant v. Cnty. of L.A.,* No. CV 20-9582-JFW(Ex), 2021 U.S. Dist. LEXIS 106724, at *4 (C.D. Cal. June 4, 2021) (Walter, J.) (finding good cause exists to extend deadlines upon motion from the plaintiff where the defendant delayed in issuing its disclosures); *Hoyt v. Valdovinos*, 2021 U.S. Dist. LEXIS 116382, at *16 (S.D. Cal. June 22, 2021) (finding good cause to extend fact discovery cut-off by 30 days where parties had "three depositions left to conduct"); *Zions Bancorporation, N.A. v. JPMorgan Chase Bank, N.A.,* 2022 U.S. Dist. LEXIS 172080, at *3-4 (S.D. Cal. Sept. 21, 2022) (finding good cause to extend discovery deadlines for a second time by 45 days where the parties needed more time to review and produce responsive documents, prepare a privilege log, review untranslated discovery materials largely in Portuguese, and the parties had not "taken any of the at least 15 party and third-party depositions" needed to prepare their motions for summary judgment, noting especially "the complexity of the international discovery process"); *Harper v. Ramos*, 2020 U.S.

Dist. LEXIS 83610, at *3-4 (C.D. Cal May 12, 2020) (Austin, J.) (finding good cause to extend discovery by 90 days "due to unforeseen delays in obtaining discovery documents and otherwise completing discovery"); *Hearns v. Gonzales*, 2019 U.S. Dist. LEXIS 9397, at *1-2 (E.D. Cal. Jan. 18, 2019) (granting proposed extension where "even with due diligence [the plaintiff] cannot meet the court's discovery deadline").

> **B. Plaintiff has been diligent at pursuing class data from Smosh and third-party Community.com, Inc. and promptly requested the extension when it became apparent it would be necessary.**

Where the party seeking the extension has been diligent and delays outside the control of the moving party necessitate an extension of a deadline, good cause to extend a deadline exists. *Bryant v. Cnty. of L.A.*, 2021 U.S. Dist. LEXIS 106724, at *4.

Here, Plaintiff has been diligent throughout the process. Days after the case was transferred from the Eastern District of California to this Court, the Parties held their Rule 26(f) conference. ECF No. 91. Plaintiff drafted discovery requests over the holidays and issued her requests days after the 26(f) conference. Ex. B and C interrogatories and requests for production.

The day after Smosh's counsel informed Hall's counsel that it was not able to obtain or produce the data identifying calls to putative class members on January 30, 2024, Plaintiff issued a subpoena the next business day. *See* Exhibits H and I, subpoena to Community. At the time the subpoena was issued, it was

Hall's understanding that Community was prepared to produce the relevant class data. Ginsburg Dec. ¶ 19. When Community responded to the outreach from Hall's counsel, its in-house counsel advised that that Community had significant staff turnover recently and she was new to the company. Ginsburg Dec. ¶ 23. Accordingly, Community needed additional time to retrieve the documents and she was unsure what would ultimately be produced. Plaintiff has advised it will afford Community until March 14, 2024 to provide the relevant class data before she files a motion to enforce. *Id.*, ¶¶ 23-27.

Once it became apparent Plaintiff may not receive the relevant class data with ample time before the class certification deadline (despite diligent efforts), her counsel promptly conferred with counsel for Smosh on the extension of the class certification deadline. Smosh advised it would not oppose a 30-day extension. Rather than waiting until the last minute, Plaintiff files this motion five weeks before the class certification deadline.

**C. Where Smosh does not oppose the extension of the class certification deadline, no party would be prejudiced.**

If a proposed extension if unopposed and no party would be prejudiced by the proposed extension, that weighs in favor of granting the proposed extension. See *Aubert v. Dzurenda*, No. 2:18-cv-01329-GMN-EJY, 2020 U.S. Dist. LEXIS 242661, at *6 (D. Nev. Dec. 28, 2020) (extending discovery end date noting the

motion was unopposed, and therefore "neither party will be prejudiced by the short delay".) Here, Smosh does not oppose the proposed extension of 30 days. Given the lack of opposition and the absence of prejudice to any party, the proposed extension is warranted.

**D. The proposed extension of the class certification deadline would not otherwise disrupt the schedule of the case.**

Plaintiff does not seek to extend the discovery end date or the trial date. Rather, Plaintiff seeks a stand-alone extension of the class certification deadline in light of the delay in obtaining documents, which Plaintiff has been told are in the exclusive possession of a third-party. The current deadlines and the sole proposed extension are set forth in the chart below:

| Matter | Time | Date based on current schedule | Proposed modification/ deadline |
|---|---|---|---|
| **Trial (jury)** **Estimated length: 3 days** | 8:30 am | 12/3/24 | unchanged |
| **[Jury trial] Hearing on Motions in Limine; Hearing on Disputed Jury Instructions** | 8:00 am | 11/22/24 | unchanged |
| **[Court trial] Hearing on Motions in Limine** | 8:00 am | X | unchanged |
| **Pre-Trial Conference (File Proposed Voir Dire Qs and Agreed-to Statement of Case three days prior to PTC)** | 8:00 am | 11/15/24 | unchanged |
| **Submit Pre-Trial Conf.** | 10/31/24 | | unchanged |

MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO EXTEND DEADLINE
- 10 -

Case No.: 2:23-cv-10324-JFW-KES

| | | | |
|---|---|---|---|
| Order;<br>File Motions in Limine;<br>Memo of Contentions of Fact and Law;<br>Pre-Trial Exhibit Stipulation;<br>Summary of Witness Testimony and Time Estimates; File Status Report re: Settlement; File Agreed Upon Set of Jury Instructions and Verdict Forms;<br>File Joint Statement re Disputed Instructions, Verdicts, etc. | | | |
| **Last day for hearing motions *** | 1:30 pm | 8/5/24 | unchanged |
| **Discovery cut-off** | | 7/22/24 | unchanged |
| **ADR Deadline** | | June 3, 2024 | unchanged |
| **Class Certification Deadline** | | April 16, 2024 | **May 16, 2024** |

Where the other deadlines in the case would remain in place, the extension of the class certification deadline by 30 days would not disrupt the proceedings of the case as a whole.

**E. This is the first request to extend any deadlines in this Court's scheduling order.**

This Court's Standing Order requires a party seeking an extension to identify whether prior extensions have been requested. ECF No. 84. This case was transferred to this Court on December 13, 2023. ECF No. 83. The current

schedule went into effect January 3, 2024. ECF No. 107. This is Plaintiff's first request for this Court to extend any deadlines in this schedule.

The fact this is Plaintiff's first proposed extension weighs in favor of granting the proposed request.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff, Kristen Hall requests this Honorable Court grant her unopposed motion to extend the class certification deadline until May 16, 2024.

Respectfully submitted,

KIMMEL & SILVERMAN, P.C.

*/s/ Jacob U. Ginsburg*
Jacob U. Ginsburg, Esq.(pro hac vice)
Craig T. Kimmel, Esq. (pro hac vice)
30 E. Butler Ave.
Ambler, PA 19002
(267) 468-5374
jginsburg@creditlaw.com
kimmel@creditlaw.com
teamkimmel@creditlaw.com

*/s/ Christopher E. Roberts*
BUTSCH ROBERTS & ASSOCIATES LLC
Christopher E. Roberts (pro hac vice)
7777 Bonhomme Avenue, Suite 1300
Clayton, Missouri 63105
Phone: (314) 863-5700
CRoberts@butschroberts.com

DATED: March 11, 2024

# CERTIFICATE OF SERVICE

I, Jacob U. Ginsburg, Esq. hereby certify I served the foregoing on all parties of record via ECF on this March 11, 2024.

*/s/ Jacob U. Ginsburg*