**KIMMEL & SILVERMAN, P.C.**
Craig T. Kimmel, Esq. (*pro hac vice*)
Jacob U. Ginsburg, Esq. (*pro hac vice*)
30 E. Butler Ave.
Ambler, PA 19002
(267) 468-5374
jginsburg@creditlaw.com
teamkimmel@creditlaw.com

**BUTSCH ROBERTS & ASSOCIATES LLC**
Christopher E. Roberts (*pro hac vice*)
231 S. Bemiston Avenue, Suite 260
Clayton, Missouri 63105
Phone: (314) 863-5700
CRoberts@butschroberts.com

**BUSH LAW GROUP**
Lenny Bush, Esquire (216072)
23679 Calabasas Road, Suite 1005
Calabasas, CA 91302
Telephone: (323) 868-1903
bushlawgroup@gmail.com
*Attorneys for Plaintiff Kristen Hall*

**MANATT, PHELPS & PHILLIPS, LLP**
ALEXANDRA N. KRASOVEC (SBN 279578)
Email: AKrasovec@manatt.com
CODY A. DeCAMP (SBN 311327)
Email: CDeCamp@manatt.com
MARAH A. BRAGDON (SBN 342646)
Email: MBragdon@manatt.com
2049 Century Park East, Suite 1700
Los Angeles, California 90067
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

**NOLAN HEIMANN LLP**
Jordan Susman, Esq. (SBN 246116)
jsusman@nolanheimann.com
Margo Arnold, Esq. (SBN 278288)
marnold@nolanheimann.com
16000 Ventura Boulevard, Suite 1200, Encino, CA 91436
Telephone: (818) 574-5710
*Attorneys for Defendant Mythical Venture, Inc. d/b/a "Smosh"*

//

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| KRISTEN HALL, *individually and on behalf of all others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>MYTHICAL VENTURE, INC.,<br><br>Defendant. | Case No. 2:23-cv-10324-JFW-KES<br><br>**STIPULATION TO EXTEND DEADLINE FOR PLAINTIFF TO FILE MOTION FOR CLASS CERTIFICATION**<br><br>Current Deadline: April 11, 2024<br>Proposed Deadline: May 13, 2024<br><br>Judge: Hon. John F. Walter<br><br>Complaint Filed: Oct. 28, 2021<br>TAC Filed: Nov. 13, 2023<br>Transferred: Dec. 13, 2023 |

Plaintiff Kristen Hall ("Plaintiff" or "Hall") and Defendant Mythical Venture, Inc. d/b/a "Smosh" ("Smosh" or "Defendant" and with Plaintiff "the Parties"), jointly submit this Stipulation to Extend the Class Certification Deadline from April 11, 2024 until May 13, 2024. In support thereof, the Parties stipulate as follows:

**I. Relevant Factual Background and Procedural History**

After remand from the Ninth Circuit, this putative class-action was transferred from the Eastern District of California to this Court on December 13, 2023. ECF No. 83. The Parties promptly drafted their respective portions of the

Rule 26(f) report and plan, held their Rule 26(f) conference on December 22, 2023. ECF No. 91.

Plaintiff's counsel drafted interrogatories and requests for production over the Christmas holiday, which were issued December 31, 2023 to Smosh. *See* Ex. A; Plaintiff's interrogatories; Ex. B, Plaintiff's requests for production. Those requests sought inter alia, information and documents related to the call and text message records to putative class members. The parties served their respective Rule 26(a) Disclosures thereafter: Defendant on January 8, 2023, and Plaintiff on January 9, 2024. Defendant's Initial Disclosures identified Community.com, Inc. ("Community") as an entity with records of consent and the text messages at issue. Plaintiff did not subpoena Community at that time, however, because Plaintiff was under the impression that Defendant would be able to produce the documents and data of persons texted during the class period based on prior correspondence with Defendant's counsel from 2021 in which counsel had produced enrollment data for Plaintiff. *See* Ex. C, email from Defendant's counsel dated September 9, 2021. Plaintiff was also cognizant of the obligation to seek discovery from a party before burdening a non-party seeking for the same documents or information.

. On January 30, 2024, counsel for the Parties conferred regarding an extension of time for Defendant's responses to Plaintiff's written discovery. Plaintiff agreed to an extension of one-week until February 6, 2024. During this

conference, Defendant's counsel advised Plaintiff's counsel that certain consent documentation and text records sought via Plaintiff's written discovery would need to be obtained from Community. Defendant subsequently served its responses to Plaintiff's interrogatories on February 6, 2024, confirming the same.

Upon learning the foregoing, Plaintiff's counsel promptly drafted and issued a subpoena to third-party Community. *See* Ex. D and Ex. E, subpoenas to Community. Community was served with the subpoena on February 6, 2024. *See Id.*

After being served, in-house counsel for Community conferred with Plaintiff's counsel and advised she is new to the company, which has had significant staff turnover, and that she was working with IT professionals on obtaining and producing the requested documents and data. Counsel also expressed uncertainty about the scope of documents Community would be able to produce. Plaintiff agreed to grant Community an extension of the response deadline until March 14, 2024. Community made an initial production on that date. Community supplemented its responses on March 15, 2024.

In addition to the delay in obtaining necessary documents, the scheduling of depositions warrant the extension of the deadline. Plaintiff requires the depositions of Mythical's 30b6 designee(s) and of Community's corporate designee to complete a motion for class certification. Defendant intends to take Hall's deposition, as well as the deposition of her son, in order to respond to

Plaintiff's anticipated motion for class certification. The Parties had scheduled the 30(b)(6) deposition of Mythical for March 20, 2024. However, a scheduling conflict unexpectedly emerged for Mythical's counsel, causing the deposition to be adjourned to a later date in the immediate future. In the coming weeks, the Parties must complete the following depositions:

- The deposition of Mythical's 30(b)(6) deposition;
- The deposition of third-party Community's corporate designee;
- The deposition of Plaintiff, Kristen Hall; and
- The deposition of Kristen Hall's son.

Furthermore, recently the Parties commenced resolution discussions in earnest. If the current class certification deadline is not extended, the Parties will be forced to devote time and resources toward briefing class certification, as opposed to attempting to resolve the case.

While Plaintiff had initially filed an unopposed motion to extend the class certification deadline by 30 days (Doc. No. 123), the Parties have decided it is in the interest of all to stipulate to that relief in order to complete necessary depositions and continue exploring resolution.

**II.    ARGUMENT**

For the reasons set forth below, good cause exists to extend the class certification deadline from April 11, 2024 to May 13, 2024.

### A. Standard for an extension of deadlines.

"District judges have broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16." *Avila v. Willits Env't Remediation Trust,* 633 F.3d 828, 833 (9th Cir. 2011)). A pretrial scheduling order may "be modified 'upon a showing of good cause.'" *Ibid.* (quoting *Zivkovik v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002)). "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension,' but 'if the party seeking the modification "was not diligent, the inquiry should end" and the motion to modify should not be granted.'" *Zivkovik,* 302 F.3d at 1087). "Prejudice to the opposing party, though not the focus of the inquiry, also may support denying a motion." *Id.* at *3. Further, under this Court's Initial Standing Order, applications to extend deadlines set by this Court may be granted where "compelling factual support" establishes "good cause demonstrating why the change in date is essential." ECF 9 at 3.

"Good cause may be found to exist where the moving party shows that it diligently assisted the court with creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters that could not have reasonably been foreseen at the time of the issuance of the scheduling order, and that it was diligent in seeking an amendment once it became apparent

that the party could not comply with the scheduling order." *Kuschner v. Nationwide Credit Inc.*, 256 F.R.D. 684, 687 (E.D. Cal. 2009)) (finding good cause to extend discovery deadlines by 60 days where the "case was stayed twice" and where "unforeseen circumstances" prevented defendants from taking plaintiff's deposition); *see also Hoyt v. Valdovinos*, 2021 U.S. Dist. LEXIS 116382, at *16 (S.D. Cal. June 22, 2021) (finding good cause to extend fact discovery cut-off by 30 days on joint request by the parties where parties had "been working together to timely complete discovery" and had "three depositions left to conduct"); *Harper v. Ramos*, 2020 U.S. Dist. LEXIS 83610, at *3-4 (C.D. Cal May 12, 2020) (finding good cause to extend discovery by 90 days "due to unforeseen delays in obtaining discovery documents and otherwise completing discovery"); *Hearns v. Gonzales*, 2019 U.S. Dist. LEXIS 9397, at *1-2 (E.D. Cal. Jan. 18, 2019) (granting proposed extension where "even with due diligence [the plaintiff] cannot meet the court's discovery deadline").

**B. Where the Parties require additional time, despite their best efforts and diligence, good cause exists to extend the class certification deadline.**

Where the party/parties seeking the extension have been diligent and delays outside the control of the moving party/parties necessitate an extension of a deadline, good cause to extend a deadline exists. *Bryant v. Cnty. of L.A.,* No.

CV 20-9582-JFW(Ex), 2021 U.S. Dist. LEXIS 106724, at *4 (C.D. Cal. June 4, 2021) (Walter, J.).

Here, both parties have been diligent throughout the process. As set forth above, the Parties promptly commenced discovery on a condensed timeline and the delays were reasonable and largely outside their control. The Parties will also struggle to complete depositions by the existing deadline.

The Parties have been diligent and have been working cooperatively and in good-faith. The Parties, however, have reached a consensus that more time is required to obtain the evidence necessary to brief their respective positions on class certification.

**C. Where the Parties stipulate to the relief sought, no party would be prejudiced.**

If a proposed extension is stipulated or unopposed and no party would be prejudiced by the extension, that weighs in favor of granting the extension. *See Aubert v. Dzurenda*, No. 2:18-cv-01329-GMN-EJY, 2020 U.S. Dist. LEXIS 242661, at *6 (D. Nev. Dec. 28, 2020) (extending discovery end date noting the motion was unopposed, and therefore "neither party will be prejudiced by the short delay"). Here, the Parties jointly move for the 30-day extension. Given the lack of opposition and the absence of prejudice to any party, the proposed extension is warranted.

**D. The proposed extension of the class certification deadline would not otherwise disrupt the schedule of the case.**

The Parties do not seek to extend the discovery end date or the trial date. Rather, the Parties seek a stand-alone extension of the class certification deadline in light of the delay in obtaining documents from a third-party and the scheduling of depositions. The current deadlines and the sole proposed extension are set forth in the chart below:

| Matter | Time | Date based on current schedule | Proposed modification/ deadline |
|---|---|---|---|
| **Trial (jury)** <br> **Estimated length: 3 days** | 8:30 am | 12/3/24 | unchanged |
| **[Jury trial] Hearing on Motions in Limine; Hearing on Disputed Jury Instructions** | 8:00 am | 11/22/24 | unchanged |
| **[Court trial] Hearing on Motions in Limine** | 8:00 am | X | unchanged |
| **Pre-Trial Conference (File Proposed Voir Dire Qs and Agreed-to Statement of Case three days prior to PTC)** | 8:00 am | 11/15/24 | unchanged |
| **Submit Pre-Trial Conf. Order; File Motions in Limine; Memo of Contentions of Fact and Law; Pre-Trial Exhibit Stipulation; Summary of Witness** | | 10/31/24 | unchanged |

STIPULATION TO EXTEND CLASS CERTIFICATION DEADLINE
Case No. 2:23-cv-10324-JFW-KES

| | | | |
|---|---|---|---|
| **Testimony and Time Estimates; File Status Report re: Settlement; File Agreed Upon Set of Jury Instructions and Verdict Forms; File Joint Statement re Disputed Instructions, Verdicts, etc.** | | | |
| **Last day for hearing motions *** | 1:30 pm | 8/5/24 | unchanged |
| **Discovery cut-off** | | 7/22/24 | unchanged |
| **ADR Deadline** | | June 3, 2024 | unchanged |
| **Class Certification Deadline** | | April 11, 2024 | **May 13, 2024** |

Where the other deadlines in the case would remain in place, the extension of the class certification deadline by 30 days would not disrupt the proceedings of the case as a whole.

**E. This is the first request to extend any deadlines in this Court's scheduling order.**

This Court's Standing Order requires a party seeking an extension to identify whether prior extensions have been requested. ECF No. 84. This case was transferred to this Court on December 13, 2023. ECF No. 83. The current schedule went into effect January 3, 2024. ECF No. 107. Where Plaintiff's unopposed motion to extend the class certification deadline was withdrawn before it was ruled upon, this stipulation will be the first request to extend the class certification deadline.

The fact this is the first proposed extension weighs in favor of granting the Parties' continuance request.

### III. CONCLUSION

For the foregoing reasons, Plaintiff, Kristen Hall, and Defendant Mythical Venture, Inc. jointly request the Court extend the class certification deadline from April 11, 2024 until May 13, 2024. A proposed Order consistent with that relief will be concurrently filed with this Stipulation.

SO STIPULATED:

KIMMEL & SILVERMAN, P.C.

By: */s/ Jacob U. Ginsburg*
Jacob U. Ginsburg, Esq. (*pro hac vice*)
Craig T. Kimmel, Esq. (*pro hac vice*)

BUTSCH ROBERTS & ASSOCIATES LLC

By: */s/ Christopher E. Roberts*
Christopher E. Roberts (*pro hac vice*)
*Attorneys for Plaintiff*

MANATT, PHELPS & PHILLIPS, LLP
By: */s/Alexandra N. Krasovec*
Alexandra N. Krasovec
*Attorneys for Defendant Mythical Venture, Inc. d/b/a "Smosh"*

DATED: March 20, 2024

## SIGNATURE OF CERTIFICATION

Pursuant to Civil L.R. 5-4.3.4(a)(2)(i), the filer attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 20, 2024, I caused to be electronically filed a true and correct copy of the foregoing with the Clerk of Court using the CM/ECF system and that all counsel of record will be served via the Notice of Electronic Filing generated by CM/ECF.

*/s/ Jacob U. Ginsburg*